[Crim. No. 3828. In Bank.—March 29, 1935.]

THE PEOPLE, Respondent, v. APOLONIO CAMPOS, Appellant.

David C. Marcus for Appellant.

U. S. Webb, Attorney-General, Warner I. Praul, Deputy Attorney-General, and W. Earl Redwine, District Attorney, for Respondent.

WASTE, C. J.—This is an appeal from an order denying an application for writ of error *coram nobis* and a motion to vacate the judgment and sentence of death entered upon defendant's plea of guilty to a charge of murder contained in an information filed by the district attorney of Riverside County. In support of his twofold request for relief, and an expressed desire to withdraw his plea of guilty and enter a plea of not guilty, the defendant filed certain affidavits with the trial court wherein he, and counsel who represented him before the lower court, averred that he is an illiterate Mexican unable to speak the English language; that he was unfamiliar with and did not fully comprehend the seriousness of the proceedings had in the court below; that he was induced to plead guilty upon the representation of the

district attorney to his counsel that he would be given life imprisonment and would not be sentenced to hang.

 It is settled in this state that where on account of duress, fraud or other fact overreaching the free will and judgment of a defendant he is deprived of the right of a trial on the merits, the court in which he was sentenced may after judgment and after the time for appeal has passed, if a properly supported motion is seasonably made, grant him the privilege of withdrawing his plea of guilty and of reassuming the situation occupied by him before plea of any kind was entered. (*People* v. *Schwarz,* 201 Cal. 309, 314 [257 Pac. 71].) In other words, as stated in *People* v. *Miller,* 114 Cal. 10, 16 [45 Pac. 986], ''the law seeks no unfair advantage over a defendant, but is watchful to see that the proceedings under which his life or liberty is at stake shall be fairly and impartially conducted. It holds in contemplation his natural distress, and is considerate in viewing the motives which may influence him to take one or another course. Therefore, it will permit a plea of guilty to be withdrawn if it fairly appears that defendant was in ignorance of his rights and of the consequences of his act, or was unduly and improperly influenced either by hope or fear in the making of it.''

 The following excerpt from one of defendant's affidavits, filed in the court below, sufficiently illustrates his position that he was induced to enter a plea of guilty on the promise of immunity from hanging. He avers ''that on or about the 23rd day of May, 1934, one Russell Waite, through an interpreter, interviewed your petitioner in the county jail at Riverside, California, and informed him that he had been appointed by O. K. Morton, judge of said court, to appear and defend him before the above entitled court. That said attorney, Russell Waite, then and there informed petitioner that he had already discussed the matter with the said Earl Redwine of Riverside county, and that he Russell Waite had asked the district attorney what penalty would be demanded by the state. That Redwine answered in substantially the following language:

'' 'Remember what the jury did to Aragon (referring to the case of one Jose Aragon who had been found guilty by a jury a short time previously and sentenced to death). If your client pleads not guilty and demands a jury trial, we

are going to ask the death penalty, but I have already discussed the case with the judge, and if Campos wants to plead guilty he can save his neck and have life imprisonment.'

"That Russell Waite further informed your petitioner that District Attorney Redwine had further stated at that time that he had already interviewed the Court Judge O. K. Morton with respect to the plea of defendant Apolonio Campos charged with the crime of murder; that said District Attorney had advised the Court that he had been informed that the defendant desired to enter his plea of guilty to said charge, that the Court through Honorable O. K. Morton asked said District Attorney what he wanted done with the case and what recommendation he would make to the court. Redwine then replied that he believed the defendant should hang. The Court then stated that he would not accept the defendant's plea of guilty if the District Attorney would demand the death penalty without the court first appointing counsel to represent him. That the District Attorney then replied that he did not desire to put the county to the expense of another murder trial. That he had just completed the prosecution of the Aragon murder case and was compelled to expend some $700.00 to $800.00 in that matter. And that in this case, the offense having been committed at Blythe, California, some one hundred seventy-five (175) miles from Riverside, the county seat in which said cause would be tried, that it would be necessary to subpoena the witnesses from that place; that the expense would be considerable, and that, rather than go to that expense, he would recommend to the court and consent to a life imprisonment sentence on Campos in the event that he pleaded guilty. That the court then replied, 'Very well bring him in then.' " The affidavit of Russell Waite, who represented defendant under appointment of the court, contains similar averments.

No counter-affidavits were filed by the district attorney. This is explained by the fact that the applications for the writ of error *coram nobis* and for an order to show cause why the judgment should not be vacated, were presented *ex parte*. There has been presented to this court in diminution of the record a certified copy of an order made by the court below correcting a clerical error in its minutes so

as to cause them to correctly indicate that the people were not represented in court upon the presentation of either the application for writ of error *coram nobis* or the motion for an order to show cause why the judgment should not be vacated.

In the absence of counter-affidavits, in fact of any evidence to the contrary on behalf of the people, we cannot say that the defendant's showing in support of the requested relief was so insufficient as to warrant its refusal.

The motion for diminution of the record is granted. The order appealed from is reversed. The cause is remanded to the trial court with directions to permit the defendant (appellant here) to withdraw his plea of guilty and to enter a plea of not guilty.

Preston, J., Langdon, J., Curtis, J., and Thompson, J., concurred.

Rehearing denied.