People of the State of Illinois, Appellant, v. Casimer Kemnetz, Appellee.

Gen. No. 40,103.

Opinion filed June 21, 1938.

THOMAS J. COURTNEY, State's Attorney, for appellant; EDWARD E. WILSON and AMOS P. SCRUGGS, Assistant State's Attorneys, of counsel.

No appearance for appellee.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

This case was consolidated for hearing in this court with case No. 40,104, which involves an identical charge in a separate information against defendant. In the instant case an information signed and verified by one Harry Milock was filed in the municipal court of Chicago, charging that the defendant, Casimer Kemnetz, unlawfully tampered with Milock's automobile on November 13, 1936, in his absence and without

his consent, contrary to the statute in such case made and provided. On April 8, 1937, defendant waived a jury and entered a plea of guilty and after evidence heard the trial court adjudged him guilty as charged in the information and sentenced him to confinement in the house of correction for the term of one year and to pay a fine of $1 and costs. Defendant was committed to the house of correction and while serving his sentence filed a sworn petition on November 8, 1937, which purported to be in the nature of a writ of error *coram nobis* under sec. 72 of the Civil Practice Act [Ill. Rev. Stat. 1937, ch. 110, § 196; Jones Ill. Stats. Ann. 104.072].

The pertinent allegations of this petition are that ''the trials of both of said informations were held the same day and at the same time''; that ''your petitioner had not been given and did not see either or both of said informations prior to his trial and did not rightly comprehend the nature of the accusations that he now finds were made against him therein''; that ''in his ignorance of the fact that under the constitution and laws of this State he had an absolute right to examine personally any information filed against him, his further ignorance of the fact that on due representations to the trial court and on proper application a reasonable postponement would have been granted him to secure an attorney and to summon witness and by an excusable mistake of fact and ignorance, without negligence, on his part, and an anxiety of mind to such a degree as to render him incapable of making proper provisions for his defense he consented to an immediate trial and pleaded guilty to both of said informations without understanding rightly the statements of the trial judge before and at the time he entered his plea of guilty and his plea of guilty was accepted''; that ''on a trial of said informations had at said time

before the Court and without a jury a finding of guilty was made on both charges''; that ''at the time of his said trial he was not represented by counsel, and that counsel had not been appointed by the Court to act in his behalf, nor did counsel volunteer to act in his behalf''; that ''at the time of his said trial he was not guilty of the supposed offenses which he now finds were alleged against him in both of said informations''; that ''if at the time of said trials he had seen both of said informations and had he not been laboring under great excitement and confusion of mind, and had he been able to understand rightly the nature of the accusations made against him, he would have prayed the court to grant him an opportunity to present his full defense to same, and to offer mitigating circumstances in the said matters''; that ''he is a very sick person suffering from numerous ailments; that his health will suffer great injury and be impaired if he is to remain incarcerated in the House of Correction; that under the statutory powers conferred on the trial courts of records by . . . section 72 of the Civil Practice Act of this State and the powers thereby conferred by the Judges of the Municipal Court of Chicago, under the statutes complying to said Court and Rule 209C of the Municipal Court, Rules Amended, your petitioner humbly prays that the Judge of this Court may grant leave to your petitioner to file his motion and this petition instanter, and requiring the superintendent of the House of Correction to produce the body of your petitioner before this Court on a certain date to be set by this Court''; and that ''this Court may then and there order a rehearing and retrial of these causes at a future time convenient to this Court to the end that your petitioner may appear in his behalf at that time to demonstrate and make manifest his innocence of said charges, or to offer mitigating circumstances.''

On November 18, 1937, the State's attorney filed a motion to dismiss defendant's petition, which motion averred substantially that the facts alleged by defendant in his petition were known to him at the time of trial and that it was only by reason of his own negligence or carelessness that they were not presented to the court; that the defendant was not prevented from presenting said alleged facts to the court at the time of the trial, either by duress, fraud, excusable mistake or ignorance; that he was not prevented from procuring counsel and that if counsel had been requested the court would undoubtedly have appointed an attorney for him; and that the facts alleged in his petition were insufficient to confer jurisdiction upon the court to recall its judgment of conviction.

A hearing was had on November 23, 1937, on defendant's petition and the People's motion to dismiss same, at the conclusion of which the court, treating defendant's petition as a motion for a new trial, sustained same, set the cause for trial December 1, 1937, and ordered the superintendent of the house of correction to produce the defendant in court on said last mentioned date. When the defendant was again placed on trial, December 1, 1937, he waived a jury and entered a plea of not guilty. The court, after a hearing, found the defendant guilty, granted his application for probation and released him on probation for one year. On January 14, 1938, the State's attorney, on behalf of the People, filed the following notice of appeal:

"1. The People of the State of Illinois, Appellant, above named, hereby appeal from the judgment entered in this cause on the 1st day of December, A. D. 1937, whereby it was adjudged that the petitioner, Casimer Kemnetz, be discharged from the House of Correction and placed on probation for one year on a petition in the nature of a writ of error *coram nobis;*

"2. Appellant prays that said judgment and order may be reversed and judgment entered for the Appellant and that the petitioner, Casimer Kemnetz, be remanded to the House of Correction to serve the remainder of his sentence in both cases, Municipal Court Numbers 1416390 and 1416391.

PEOPLE OF THE STATE OF ILLINOIS,
Appellant.
By THOMAS J. COURTNEY,
State's Attorney.
By A. P. SCRUGGS,
Assistant State's Attorney.''

Defendant appellee filed no brief in this court.

It will be noted that by the foregoing notice of appeal no appeal was perfected from the order of the trial court of November 23, 1937, granting a "new trial" on defendant's petition which purported to be a "petition in the nature of a writ of error *coram nobis* under Section 72 of the Civil Practice Act." The order of November 23, 1937, also denied in effect the People's motion to dismiss said petition. It is that order only that was reviewable on appeal by the People. The proceeding instituted by the filing of defendant's petition under sec. 72 of the Civil Practice Act [Ill. Rev. Stat. 1937, ch. 110, § 196; Jones Ill. Stats. Ann. 104.072] is civil in its nature and the order or judgment rendered in response to such petition, being final, was subject to review by appeal by either the State or the defendant. It has been repeatedly held that a motion or petition filed in the nature of a writ of error *coram nobis* stands as a declaration or complaint in a new suit, and it is only because the proceeding so instituted is civil in character that the right of the State to appeal from the judgment entered in such proceeding has been generally recognized by the authorities. In discussing the matter under consideration in *People v.*

*Green,* 355 Ill. 468, the Supreme Court said at pp. 472, 473:

"A motion or petition made under section 89 of the Practice Act [identical with section 72 of the Civil Practice Act] . . . stands as a declaration in a new suit. The issue made and the judgment sought concern only the setting aside of the original judgment entered. The order made on such motion is a final order and directly reviewable as a final judgment. (*Cramer v. Commercial Men's Ass'n,* 260 Ill. 516; *Domitski v. American Linseed Co.,* 221 id. 161.) It is generally recognized that the proceedings under a motion or petition in the nature of a writ of error *coram nobis* are civil in their nature. (*People v. Crooks,* 326 Ill. 266; *State v. Calhoun,* 50 Kan. 523, 72 Pac. 38; 2 R. C. L. sec. 266.) . . .

". . . Since the judgment entered upon such proceeding is final and the proceeding is civil in its nature, either the State or the defendant is entitled to a review of the judgment of the court entered on such motion or petition."

In its notice of appeal, however, the State failed to perfect an appeal from the order entered on November 23, 1937, allowing defendant's motion to set aside the original judgment against him. What the State's attorney did do in his notice of appeal was to attempt to perfect an appeal from the judgment of December 1, 1937, which was a final determination of the merits as to defendant's guilt of the crime with which he was charged in the information upon which he was tried. Under our law such a judgment is not reviewable at the instance of the State. In *People v. Nakielny,* 279 Ill. App. 387, in a well considered opinion written by Justice Scanlan it was pointed out that if an order or judgment granting a new trial is erroneously entered in a criminal case on a motion or petition under sec. 72

of the Civil Practice Act [Ill. Rev. Stat. 1937, ch. 110, § 196; Jones Ill. Stats. Ann. 104.072] and such order or judgment so entered is reversed on review, any orders entered by the trial court pursuant to such erroneous order granting a new trial are void and the defendant may be recommitted under his original sentence.

Since no appeal has been perfected from the order granting defendant a "new trial," and that is the order we are asked to review, this proceeding will necessarily have to be dismissed.

*Proceeding dismissed.*

FRIEND, P. J., and SCANLAN, J., concur.