[Civ. No. 10884.   First Appellate District, Division Two.—September 16, 1938.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF SAN MATEO COUNTY et al., Respondents.

U. S. Webb, Attorney-General, and Lionel Brown, Deputy Attorney-General, for Petitioner.

Bernard P. Sharon for Respondents.

SPENCE, J.—Petitioner seeks a peremptory writ of mandate to compel the respondent court "to make, enter, give and file an order and judgment dismissing and denying" a certain appeal from an order of the police court of the city of Burlingame.

A complaint was originally filed in said police court charging Paul F. Eid with the commission of a misdemeanor. He entered a plea of guilty and was thereafter sentenced to be imprisoned in the county jail for a term of ninety days and to pay a fine of $100. While so imprisoned, said Paul F. Eid filed a document in said police court entitled "Petition for Writ of Error Coram Nobis". He sought thereby to have the judgment set aside and to obtain leave to change his plea from guilty to not guilty for the purpose of having

a trial upon the merits. His petition was denied and he appealed from the order of denial. The appeal was heard by the respondent court and the order was reversed. Petitioner then filed this proceeding seeking a writ of mandate as above indicated.

We are of the opinion that the writ should be denied. As we understand the main contention of petitioner, it is that the police court had no jurisdiction to entertain said petition of the defendant in the criminal action and that the respondent court therefore "was without jurisdiction to do other than enter an order dismissing the appeal" from the order denying the petition. In our opinion, this contention cannot be sustained.

The place of the so-called writ of error *coram nobis* in the jurisprudence of this state has been clarified by several recent decisions. Said writ was originally a common law remedy which was used under certain exceptional circumstances. The nature of the writ and its survival in modified form in this state is exhaustively discussed in *People* v. *Reid,* 195 Cal. 249 [232 Pac. 457, 36 A. L. R. 1435]. The court there quoted from 5 Encyclopedia of Pleading and Practice, page 27, at page 255 of the opinion, where it is said, "The office of the writ of *coram nobis* is to bring the attention of the court to, and obtain relief from, errors of fact, such as . . . a valid defense existing in the facts of the case, but which, without negligence on the part of the defendant, was not made, either through duress or fraud or excusable mistake; these facts not appearing on the face of the record, and being such as, if known in season, would have prevented the rendition and entry of the judgment questioned". It may be stated here that petitioner does not question the sufficiency of the allegations contained in the petition filed in the police court to bring the cause within the rule stated.

The use of said writ is limited in this state to those situations where the right to appeal and the right to move for a new trial as provided by statute do not afford a remedy (*People* v. *Reid, supra; People* v. *Superior Court,* 4 Cal. (2d) 136 [47 Pac. (2d) 724]); and it has been held that "in the practice in this state a petition for a writ of error, *coram nobis,* is nothing more nor less than a motion to vacate a judgment". (*People* v. *Vernon,* 9 Cal. App. (2d) 138, 143 [49 Pac. (2d) 326]; see, also, *People* v. *Perez,* 9 Cal. App.

265 [98 Pac. 870].) The court further said in the case of *People* v. *Vernon, supra,* at page 141, "It therefore results that, although the relief sought be of the nature of that included within and formerly afforded by a writ of error, *coram nobis,*—because of its comparatively ancient origin and its correspondingly relatively recent disuse, the mystery and the magic which now apparently attach to such an appellation as applied to the proposed remedy are completely dispelled and obliterated by designating such remedy by the more simple and appropriate name of a motion to vacate the judgment. The practical result of such practice in effect and substance demonstrates that the relief that may be administered by the one form of procedure is identical with that in the other." We therefore believe that the defendant's petition as filed in the police court should be treated as a motion to vacate the judgment previously entered.

■ Our search has not brought to our attention any case directly holding that a police court may entertain such a motion under the precise circumstances before us, but we are of the opinion that a police court has jurisdiction for that purpose. The authorities do not indicate that such jurisdiction is vested only in courts of record. In *People* v. *Campos,* 3 Cal. (2d) 15, the court said at page 17 [43 Pac. (2d) 274], "It is settled in this state that where on account of duress, fraud or other fact overreaching the free will and judgment of a defendant he is deprived of the right of a trial on the merits, the court in which he was sentenced may after judgment and after the time for appeal has passed, if a properly supported motion is seasonably made, grant him the privilege of withdrawing his plea of guilty and reassuming the situation occupied by him before plea of any kind was entered". (See, also, *People* v. *Schwarz,* 201 Cal. 309 [257 Pac. 71]; *In re Sargen,* 135 Cal. App. 402 [27 Pac. (2d) 407].) And in *Williams* v. *California Milk Producers Assn.,* 136 Cal. App. 172 [28 Pac. (2d) 59], it was held that a police court has the inherent power to vacate a judgment previously rendered by it under certain exceptional circumstances. On page 175, the court there said, "Under such circumstances the statutory remedies have no application and a procedure based upon the common law has developed to meet the lack of a statutory remedy. This procedure has taken the form of a motion properly supported. (*People* v. *Mooney,* 178 Cal. 525

[174 Pac. 325] ; *People* v. *Perez,* 9 Cal. App. 265 [98 Pac. 870].)''

█ We conclude that the defendant's petition filed in the police court was in substance and effect a motion to vacate the judgment previously entered by said court; that said court had jurisdiction to entertain said motion; that the order denying said motion was an appealable order (Pen. Code, sec. 1466) ; and that the respondent court had jurisdiction to ''reverse, affirm or modify the . . . order appealed from''. (Pen. Code, sec. 1469.) In view of these conclusions, it becomes unnecessary for us to determine whether *mandamus* would have been an appropriate remedy in the event that the trial court had exceeded its jurisdiction.

The alternative writ is discharged and the peremptory writ is denied.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 15, 1938, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 14, 1938.