STATE EX REL. SAWA *v.* CRIMINAL COURT OF
LAKE COUNTY.

[No. 27,669.   Filed April 14, 1942.]

John Sawa, of Michigan City, *pro se.*

PER CURIAM.—John Sawa, an inmate of Indiana State Prison, serving a life sentence for murder, filed this original action seeking an order mandating the respondent court to furnish him with a transcript of the record in the case in which he was convicted, and of the proceedings in which his petition for a writ of error *coram nobis* was denied. He shows that he is a poor person, without means of

paying for a record which he wishes to use in perfecting an appeal from the judgment of the respondent court denying his petition for a writ of error *coram nobis*. His petition must be denied upon authority of *State ex rel. Cutsinger* v. *Spencer, Judge* (1941), 219 Ind. 148, 155, 37 N. E. (2d) 88, 41 N. E. (2d) 601.

After the opinion in the case referred to was ■ originally delivered, the last paragraph thereof was modified to read as follows:

"A petition for *coram nobis* is not based upon a contention that the judgment attacked is void. It concedes that it is valid upon its face, and that there is no error apparent upon the face of the record. No longer is the state seeking to deprive the defendant of his life, liberty, or property. He is not now 'the accused' in a 'criminal prosecution.' It is he who is now seeking to deprive the State of Indiana of rights concerning his liberty which have vested in it by a judgment which must be presumed to have been procured by due course of law until he sustains the burden of overcoming the presumption. The petitioner is asking that the taxpayers, the state, be required to bear the expense of furnishing him with a certified record of the proceedings in the criminal case. We know of no constitutional provision that requires that the public shall bear any of the expense of the preparation or prosecution of the petitioner's action seeking to overthrow the judgment, nor of any statute requiring or authorizing the expenditure of public funds for such a purpose."

The petition is denied. `

NOTE.—Reported in 40 N. E. (2d) 971.