[Sac. No. 5839. In Bank. Mar. 1, 1948.]

In re ARTHUR DE BEAU CARR, on Behalf of CIEVE-RINO PAIVA, for a record on appeal from an order denying a Writ of Error *Coram Nobis*. THE PEOPLE, Respondent, v. CIEVERINO PAIVA, Appellant.

Arthur De Beau Carr for Appellant.

Robert W. Kenny, Fred N. Howser, Attorneys General, James O. Reavis, Jess Hession, Chas. W. Johnson, Clarence A. Linn, Deputy Attorneys General, John Quincy Brown, District Attorney, and John B. Heinrich, Supervising Deputy District Attorney, for Respondent.

SCHAUER, J.—In 1935, defendant, then 16 years of age, was convicted of two counts of murder and one count of rape and was sentenced to imprisonment for life. *(People v. Paiva* (1935), 9 Cal.App.2d 10 [48 P.2d 174].) In Decem-

ber, 1945, seeking to vacate the judgment of conviction and obtain a new trial, he petitioned the trial court for relief in the nature of a writ of error *coram nobis;* the relief sought was denied on January 8, 1946, and defendant gave timely notice of appeal and filed notice to prepare the record on appeal. The county clerk, acting on a ruling of the district attorney that the order sought to be appealed from was a non-appealable order, declined to order the preparation of the record. Defendant thereupon sought and there was issued an order directing the county clerk and the phonographic reporter to show cause why the record should not be prepared and furnished as requested by defendant. After a hearing the court filed an order in the form of a formal judgment whereby it "ordered, adjudged and decreed: 1) That the proceeding in Coram Nobis is a Civil matter and not a criminal proceeding; 2) That the petitioner and/or applicant is entitled to have the testimony and other proceedings in the above-entitled matter prepared and transcribed . . .; 3) That the costs and expenses of said transcriptions of testimony and proceedings shall be at the sole expense of the Petitioner . . ." Defendant has likewise perfected an appeal from the above quoted order or judgment.

The advice of the district attorney, above referred to, was as follows: "I am of the opinion that there is no basis for such action (Appeal) upon the part of the defendant. Section 1237 of the Penal Code provides in what cases an appeal may be taken by the defendant in a criminal case. The instant matter obviously does not come within the purview of this section."

The trial court was correct insofar as it held, contrary to the advice of the district attorney, that the order in question is appealable. (Appeals by plaintiff: *People* v. *Gilbert* (1944), 25 Cal.2d 422, 444 [154 P.2d 657]; *People* v. *Lumbley* (1937), 8 Cal.2d 752, 761 [68 P.2d 354]; appeals by defendant: *People* v. *Perez* (1908), 9 Cal.App. 265, 266 [98 P. 870]; *People* v. *Reid* (1924), 195 Cal. 249 [232 P. 457, 36 A.L.R. 1435]; *People* v. *Schwarz* (1927), 201 Cal. 309, 312 [257 P. 71]; *People* v. *Campos* (1935), 3 Cal.2d 15, 19 [43 P.2d 274]; *People* v. *Mendez* (1946), 28 Cal. 2d 686 [171 P.2d 425]; see also *People* v. *Superior Court* (1938), 28 Cal.App.2d 442, 446 [82 P.2d 718].) We have concluded, however, for the reasons hereinafter stated, that the trial court erred in holding that on such appeal "the costs and

expenses of said transcriptions of testimony and proceedings shall be at the sole expense of the Petitioner.''

█ The respondent now concedes that (as is firmly established by the cases above cited) the order denying the application for relief in the nature of *coram nobis* is an appealable order but contends that any application for relief of such nature, regardless of the type of action or form in which it is sought, is a civil proceeding and, hence, that the trial court was correct in holding that all expenses of preparing the record on appeal must be borne by defendant. That the writ, or the proceeding for it, has been traditionally regarded as civil in nature cannot be disputed. (See *People* v. *Gilbert* (1944), *supra,* 25 Cal.2d 422, 426; *State* v. *Ray* (1922), 111 Kan. 350, 351 [207 P. 192, 193].) It has been said in at least one jurisdiction (Texas) that the writ *coram nobis* ''has not been recognized in this state as having application to criminal cases.'' *(Hendricks* v. *State* (1932), 122 Tex. Cr. 429, 433 [55 S.W.2d 839, 841].) But, by way of contrast, in California the proceeding has been applied, as far as our research discloses, only in criminal cases. (See note, 27 Cal.L.Rev. 228, 230-231.) The cases of *People* v. *Green* (1934), 355 Ill. 468 [189 N.E. 500]; *People* v. *Kemnetz* (1938), 296 Ill.App. 119 [15 N.E.2d 883]; *State* v. *Gentry* (1945), 223 Ind. 535 [62 N.E.2d 860]; *State* v. *Criminal Court* (1942), 220 Ind. 4 [40 N.E.2d 971]; and *State* v. *Spencer* (1941), 219 Ind. 148 [37 N.E.2d 88, 41 N.E.2d 601], have been cited as authority for the proposition that *coram nobis* proceedings are necessarily and exclusively civil in nature and that though invoked against a judgment of conviction in a criminal case the costs of a record on appeal therein must be borne by the defendant-petitioner. A perusal of those cases, however, discloses that they have little, if any, applicability to the problem in California.

In the first place, in Illinois, a proceeding in the nature of a writ *coram nobis* is statutory. (See Civil Practice Act, § 72, Ill.Rev.Stat. 1937, c. 110, § 196.) The construction placed upon that statute and proceedings thereunder appears to be the controlling factor in the Illinois decisions cited. In *People* v. *Dabbs* (1939), 372 Ill. 160 [23 N.E.2d 343, 345], the Supreme Court of Illinois said: ''Section 72 of the Civil Practice Act, Ill.Rev.Stat. 1937, chap. 110, § 196, abolishes the writ of error coram nobis and provides that: 'All errors in fact, committed in the proceedings of any court of record,

and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years* after the rendition of final judgment in the case, upon reasonable notice.' . . . [p. 346 (23 N.E. 2d).] Such motion or petition is the filing of a new suit and is civil in its nature. *People* v. *Green,* 355 Ill. 468, 189 N.E. 500. It is not an attack upon the judgment . . . This proceeding is not unlike a bill of review to have reviewed a decree in chancery. A bill of review is in the nature of a writ of error and seeks the reconsideration of the decree. The original finding of the court is not disputed or contested but the bill proceeds on the theory that newly discovered facts would produce a different decree. . . . A motion in the nature of writ of error coram nobis is an appropriate remedy in criminal cases as well as civil and lies to set aside a conviction obtained by duress or fraud, or where, by some excusable mistake or ignorance of the accused and without negligence on his part, he has been deprived of a defense which he could have used on his trial, and which, if known to the court, would have prevented conviction.'' In California we have no equivalent statute and, as hereinafter shown, a proceeding in the nature of a writ of error *coram nobis* is regarded as a motion in the case to which it relates. Its civil character when regarded as an entity is, we think, inconclusive on the question as to the right of the defendant to have a record on appeal furnished by the state.

*People* v. *Kemnetz* (1938), *supra,* 296 Ill.App. 119 [15 N.E. 2d 883], as above mentioned, is also relied upon by the respondent. In that case it is said (p. 886 [15 N.E.2d]): ''It has been repeatedly held that a motion or petition filed in the nature of a writ of error coram nobis stands as a declaration or complaint in a new suit, and *it is only because the proceeding so instituted is civil in character* that the right of the state to appeal from the judgment entered in such proceeding has been generally recognized by the authorities.'' (Italics added.) By contrast, in California, in such proceedings both the right of appeal by the People, and the right of appeal by the defendant, have been recognized as deriving

---

*The constitutional validity of the limitation feature of this statute has been questioned. *(Woods* v. *Nierstheimer* (1946), 328 U.S. 211, 216 [66 S.Ct. 996, 90 L.Ed. 1177].)

from the Penal Code, sections 1237* and 1238.* (Appeals by the People: *People* v. *Gilbert* (1944), *supra,* 25 Cal.2d 422, 444; *People* v. *Lumbley* (1937), *supra,* 8 Cal.2d 752, 761; appeals by defendant: *People* v. *Perez* (1908), *supra,* 9 Cal. App. 265, 266; *People* v. *Reid* (1924), *supra,* 195 Cal. 249; *People* v. *Schwarz* (1927), *supra,* 201 Cal. 309, 312; *People* v. *Campos* (1935), *supra,* 3 Cal.2d 15, 19; see also *People* v. *Superior Court* (1938), *supra,* 28 Cal.App.2d 442, 446.)

*State* v. *Spencer* (1941), *supra,* 219 Ind. 148 [37 N.E.2d 88, 41 N.E.2d 601] also relied upon by respondent, is not an appeal in a *coram nobis* proceeding; it is an original proceeding seeking mandate, not to procure a record on appeal, but to compel the state to furnish "a duly certified copy of the affidavit, Indictment, verdict of the Jury, judgment of sentence imposed, and all evidence and testimony introduced before the trial Jury," to be used "in connection with a petition for a writ of error coram nobis which he [petitioner] intends to file . . . seeking to have the judgment against him vacated." Seemingly, with the petition for the writ existing only in the asserted intent of the petitioner, the Indiana court would have been justified in denying such an application upon the ground that it appeared to be at most a "fishing expedition." The court, however, cited, among other authorities, the Illinois case of *People* v. *Dabbs* (1939), *supra,* 372 Ill. 160, 165 [23 N.E.2d 343, 346], and 24 C.J.S., Crim. Law, § 1606, pp. 144, 145, and declared the view that "The proceeding [in the nature of a writ *coram nobis*] concedes that the accused was accorded all the rights and privileges guaranteed him by the Constitution of Indiana and by the due process clause of the Federal Constitution in the prosecution which resulted in the judgment of conviction. No longer is the state seeking to deprive the judgment defendant of his life, liberty, or property. He is not now 'the accused' in a 'criminal prosecution.' It is he who is now seeking to deprive the State of Indiana of rights concerning

---

*Section 1237, Penal Code, provides: "An appeal may be taken by the defendant:

"1. From a final judgment of conviction;

"2. From an order denying a motion for a new trial;

"3. From any order made after judgment, affecting the substantial rights of the party."

Section 1238, Penal Code, provides: "An appeal may be taken by the people: . . .

"5. From an order made after judgment, affecting the substantial rights of the people."

his liberty which have vested in it by a judgment procured by due course of law. The petitioner is asking that the tax-payers, the state, be required to bear the expense of furnishing him with a certified record of the proceedings in the criminal case. We know of no constitutional provision that requires that the public shall bear any of the expense of the preparation or prosecution of the petitioner's action seeking to overthrow the judgment, nor of any statute requiring or authorizing the expenditure of public funds for such a purpose.

"The petition is denied." (See also *State* v. *Criminal Court* (1942), 220 Ind. 4 [40 N.E.2d 971], in which, upon the authority of the Spencer case, an application for a record at the expense of the state upon a showing that the defendant-petitioner "is a poor person, without means of paying for a record which he wishes to use in perfecting an appeal from the judgment of the respondent court denying his petition for a writ of error *coram nobis*," was denied. Such denial, it has been suggested, may amount to a deprival of due process. *Ex parte Davis* (1942), 318 U.S. 412 [63 S.Ct. 679, 87 L.Ed. 868]; *Barton* v. *Smith* (1947), C.C.A. 9, 162 F.2d 330.)

We are not disposed to follow or advance the philosophy of the Spencer case to the end of denying to a defendant who is given a right of appeal the right to the record which is necessary to implement that appeal. In this state a defendant who has been convicted in a criminal case has the right to seek to defeat the judgment of conviction either by direct appeal from the judgment or by a motion for a new trial or by motion (in the nature of *coram nobis*) to vacate the judgment. If his motion for new trial or to vacate the judgment is decided adversely he has the right to appeal from the order of denial. (Pen. Code, § 1237.) The same statute which gives him the right to appeal from the judgment of conviction likewise gives him the right to appeal from an order denying a motion for new trial or from the order denying his motion to vacate the judgment. There is no question but that on appeal from the judgment or from the order denying a new trial the defendant is entitled, on timely application, to have the record on appeal furnished by the state. (See Code Civ. Proc., § 274.) We find no persuasive reason for holding that his right to have the record furnished in the third case is legally any less than in the first two.

In 24 Corpus Juris Secundum, pages 144, 145, section 1606, cited in the Spencer case, it is stated that ''A proceeding for a writ of error coram nobis or its statutory equivalent is in the nature of a new, civil suit, not unlike a bill of review to have reviewed a decree in chancery, and has a function closely analogous to a motion for a new trial . . . The writ supplements, but does not supersede, the remedy provided in the statute for the granting of new trials or the correction of errors. It is generally held applicable in criminal as well as civil cases although there is authority to the contrary.'' American Jurisprudence (vol. 31, pp. 321, 322, §§ 798, 799) states that ''where a judgment is suffered by a party under circumstances under which at common law a writ of error coram nobis would lie, the practice now generally prevailing is to obtain relief by motion to open or vacate the judgment'' and that ''The proceeding under a writ of coram nobis or coram vobis is regarded as civil in nature, and *sometimes as a part of the proceedings in the case to which it refers,* and sometimes as in the nature of a new adversary suit.'' (Italics added; see also 1 Am.Jur. 432, § 40.)

Whatever may be the nature of the proceeding traditionally, or in those states which expressly recognize and govern it by statute, we are satisfied that in California a proceeding in the nature of a writ of *coram nobis* is properly regarded ''as a part of the proceedings in the case to which it refers'' rather than as ''a new adversary suit.'' Supporting such conclusion are the following considerations: 1. We have no statutory provision expressly recognizing or governing *coram nobis* proceedings; such proceedings or the modern equivalent thereof are, however, recognized as being within the power of the trial court. 2. In *People* v. *Vernon* (1935), 9 Cal.App. 2d 138, 141 [49 P.2d 326], it is declared that ''it is manifest that that which remains of the relief which ordinarily was available as part of the original common-law remedy of 'writ of error, *coram nobis*' is made equally available, not necessarily, as formerly, by the issuance of the *writ,* but simply by the legal machinery attendant upon a motion to vacate the judgment. It therefore results that, although the relief sought be of the nature of that included within and formerly afforded by a writ of error, *coram nobis,*—because of its comparatively ancient origin and its correspondingly relatively recent disuse, the mystery and the magic which now apparently attach to such an appellation as applied to the

proposed remedy are completely dispelled and obliterated by designating such remedy by the more simple and appropriate name of a motion to vacate the judgment." Likewise, in *People* v. *Butterfield* (1940), 37 Cal.App.2d 140, 143 [99 P.2d 310], it is declared that "In California the office of the writ of *coram nobis* is exercised by a mere motion to set aside a judgment after the time for appeal has expired and the judgment has become final." See also *People* v. *Mooney* (1918), 178 Cal. 525, 529 [174 P. 325]; *People* v. *Reid* (1924), *supra,* 195 Cal. 249; *People* v. *Lyle* (1937), 21 Cal.App.2d 132, 136 [68 P.2d 378]; *Vernon* v. *Rappaport* (1938), 25 Cal.App.2d 281, 283 [77 P.2d 257]; *People* v. *Superior Court* (1938), *supra,* 28 Cal.App.2d 442, 446. 3. It has been repeatedly held that an order made in a proceeding in the nature of a writ *coram nobis* is an order in the original case, after final judgment therein, which "affects the substantial rights" of the party (either the plaintiff or the defendant, as the case may be) and gives him a right of appeal as provided for by sections 1237 and 1238 of the Penal Code. (Appeals by the People: *People* v. *Gilbert* (1944), *supra,* 25 Cal.2d 422, 444; *People* v. *Lumbley* (1937), *supra,* 8 Cal.2d 752, 761; appeals by the defendant: *People* v. *Perez* (1908), *supra,* 9 Cal.App. 265, 266; *People* v. *Reid* (1924), *supra,* 195 Cal. 249; *People* v. *Schwarz* (1927), *supra,* 201 Cal. 309, 312; *People* v. *Campos* (1935), *supra,* 3 Cal.2d 15, 19; *People* v. *Godfrey* (1929), 100 Cal.App. 91, 92 [279 P. 1030]; see also *People* v. *Superior Court* (1938), *supra,* 28 Cal.App.2d 442, 446.)

It follows that in California, whatever be the character of the proceeding when regarded as an entity in itself, and regardless of its character insofar as concerns the burden of proof and rules of procedure generally, a motion to vacate a judgment in a criminal case upon grounds which make such motion the equivalent of a proceeding in the nature of a writ of error *coram nobis,* must be regarded as a part of the proceedings in the criminal case; and upon appeal from the order disposing of such motion the right of the defendant to be furnished a legal record on appeal, insofar as the payment of costs is concerned, is the same as upon any other appeal allowed by law to a defendant in a criminal case.

The order appealed from (hereinabove quoted in material part) is modified by striking out all of the paragraphs 1 and 3 thereof and as so modified is affirmed and the cause is

remanded for further proceedings in conformity with the views hereinabove expressed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., and Spence, J., concurred.

EDMONDS, J.—I find no sound legal basis for departing from the rule stated in the majority opinion "that the writ [of *coram nobis*], or the proceedings for it, has been traditionally regarded as civil in nature." The remedy is one which was contrived by the common law to review a judgment erroneous in fact, that is, a judgment based upon a misapprehension of fact such as the capacity of the defendant, as distinguished from one rendered by reason of an incorrect analysis of the evidence before the court. (Pound, Appellate Procedure in Civil Cases [1941], 44, 120.) In effect, the writ is like a motion to vacate the judgment (Note, 27 Cal.L.Rev. 228 [1939] 228, 229), and the right to relief in that form exists unless it has been expressly taken away by statute. (See *People* v. *Mooney* (1918), 178 Cal. 525, 529 [174 P. 325]; *Hogan* v. *Court of General Sessions* (1946), 296 N.Y. 1 [68 N.E.2d 849, 850] [referring to the "inherent power" of the court to grant this relief]; Note 36 A.L.R. 1443 [1925].)

But although *coram nobis* is similar to a motion to vacate judgment, it does not follow that the writ carries all of the procedural incidents of such a motion. Certainly if the remedies of a motion to vacate judgment and *coram nobis* were identical, a court would not have the power to issue a writ of *coram nobis* for "where remedies exist by statute which did not exist at common law, the office and function of the writ are abridged thereby, and in such cases the writ is unavailable." (*People* v. *Mooney*, 178 Cal. 525, 529 [174 P. 325]; *People* v. *Reid*, 195 Cal. 249, 257 [232 P. 457, 36 A.L.R. 1435].) The similarity is merely "that the *relief* that may be administered by the one form of procedure is identical with that in the other" *(People* v. *Vernon*, 9 Cal.App.2d 138, 141 [49 P.2d 326] [emphasis added]).

In discussing *coram nobis,* this court, in *People* v. *Superior Court*, 4 Cal.2d 136, 151 [47 P.2d 724], said: "This is a *distinct proceeding* and has no connection with any ruling made by the court during trial or any order since made by the court. . . . The record in this case . . . was not vulnerable to the *collateral attack* made upon it." [Emphasis added.]

It is to be noted that implications of the language in that case to the effect that the order is not appealable were overruled in *People* v. *Gilbert,* 25 Cal.2d 422, 444 [154 P.2d 657], but the statement as to the nature of the proceedings stands as the conclusion of this court. Now, however, it is said that "an order made in a proceeding in the nature of a writ *coram nobis* is an order in the original case. . . ." None of the cases cited immediately after the sentence in which this statement appears supports that determination.

Despite the fact that *coram nobis* or the motion to vacate, however characterized, may be used in connection with a criminal case, it has consistently been held to be a separate proceeding of a civil nature. (24 C.J.S. 144-5.) The reasons for this are not entirely clear, but they stem from fundamental principles. Like other proceedings in error, even those to directly review a judgment, anciently *coram nobis* was considered to be a separate suit in which the defendant and not the prosecution was the moving party. (1 Halsbury, Laws of England 62 [1931].) Like habeas corpus, it is a collateral attack upon the judgment and, when used in a criminal action, it is analogous to habeas corpus (see *In re Lindley* (1947), 29 Cal.2d 709 [177 P.2d 918]), which frequently has been regarded as being a proceeding of a civil nature. (1 Bailey, *Habeas Corpus* 10 [1913].)

The most common reasons assigned for regarding *coram nobis* as a civil proceeding are that it does not fit into the statutory provisions dealing with the definition of crimes and procedural requirements. Generally speaking, the remedy of *coram nobis* is not expressly provided for by statute, and there is no legislative recognition of it in this state.

By our codes, judicial remedies "are divided into two classes: 1. Actions; and 2. Special proceedings." (Code Civ. Proc., § 21.) An action is "an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense" (Code Civ. Proc., § 22) and "[e]very other remedy is a special proceeding." (Code Civ. Proc., § 23.) "Actions are of two kinds: 1. Civil; and 2. Criminal." (Code Civ. Proc., § 24.) "A civil action is prosecuted by one party against another for the declaration, enforcement or protection of a right, or the redress or prevention of a wrong." (Code Civ. Proc., § 30.) A criminal action is defined in section 683 of the Penal Code as "[t]he proceeding by which a party

charged with a public offense is accused and brought to trial and punishment. . . .'' In view of these code provisions, a petition for a writ of *coram nobis* is neither in the nature of a criminal nor of a civil action and must be classified as a special proceeding. (Code Civ. Proc., § 22.)

The Code of Civil Procedure, part III, sections 1063, et seq., declares that certain special proceedings are of a civil nature. The writ of *coram nobis* is not mentioned. Special proceedings of a civil nature are included in the term ''civil action'' (Code Civ. Proc., § 363) and the Penal Code, part II, sections 1473, et seq., specifies habeas corpus and others but not including *coram nobis* as being a special proceeding of a criminal nature.

Section 274 of the Code of Civil Procedure provides that in ''criminal cases'' the fee for reporting is to be paid out of the county treasury. There is nothing to indicate that special proceedings of a criminal nature are included in the term ''criminal cases.'' On the other hand, not only is habeas corpus classified as a special proceeding of a criminal nature (Pen. Code, § 1473, et seq.), but the Legislature has specified that in such a proceeding no fees shall be charged. (Gov. Code, § 6101.) Until similar action has been taken in regard to *coram nobis*, the use of the writ should be governed by rules of procedure applicable to civil actions.

There is nothing in the record to indicate that Paiva does not have ample funds to pay for a transcript, and he made no application to proceed *in forma pauperis*. In the absence of such a showing, he has not been deprived of due process of law. (*Ex parte Davis*, 318 U.S. 412 [63 S.Ct. 679, 87 L.Ed. 868] ; *Barton* v. *Smith*, 162 F.2d 330.)

For these reasons, I would affirm the order denying the petitioner's application for a record at the expense of the county.

Respondent's petition for a rehearing was denied March 30, 1948. Edmonds, J., voted for a rehearing.