(No. 30815.—)

THE VILLAGE OF SKOKIE, Defendant in Error, *vs.* WILLIAM SCHRAMM, Plaintiff in Error.

*Opinion filed November 18, 1948—Rehearing denied Jan. 17, 1949.*

ALFRED M. LOESER, of Chicago, (EDWARD L. RYBSTAT, of counsel,) for plaintiff in error.

BRYANT, COLWELL, HWASS & WELLS, (JOHN M. BRYANT, and HENRY L. WELLS, of counsel,) all of Chicago, for defendant in error.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

William Schramm was charged before a Cook County justice of the peace with selling alcoholic beverages to minors in violation of an ordinance of the village of Skokie, and was found guilty of the charge. On appeal from that judgment he was found guilty July 31, 1947, by the criminal court of Cook County and sentenced to pay a fine of $25. No appeal was prosecuted. On December 29, 1947, the defendant filed a motion in the criminal court in the nature of a writ of error *coram nobis* asking that the judgment against him be vacated and set aside.

As grounds for the motion defendant alleged that no affidavit was filed in the cause before the justice; that there was no sworn complaint and nothing upon which to base the judgment; that no complaint was filed under oath or otherwise with the justice; that the ordinance under which he was convicted was unconstitutional, unreasonable and void in that it does not provide for notice or knowledge of the minority of the vendee and is discriminatory so that the parties under the ordinance and the seller, or any of them, are deprived of equal protection of the law and there is no reasonable relationship between the provisions of the ordinance and the evils sought to be remedied, and the requirements or nonrequirements of knowledge to the particular class of persons by the vendor; that the said ordinance is otherwise unreasonable, unconstitutional and void; that the transcript does not show that any affidavit or complaint was filed, in violation of sections 6 and 9 or article II of the Illinois constitution and the bill of rights of the Federal constitution; that the proceedings were in violation of section 2 of article 18 of the Justice of the Peace Act, in that no affidavit was filed or shown in the transcript; that the transcript does not appear to show any offense committed in the village of Skokie; that the return of the justice and the appeal filed with the clerk is in violation of section 10 of article 18 of the act, in that names of witnesses were not filed with the clerk, that the record is in error in reciting that testimony was heard in the criminal court, as none was actually taken but the cause was tried solely upon the supposed agreed testimony of Jonas Mayer, Sr., and Jonas Mayer, Jr.; that the agreed statement of facts does not show the existence of an affidavit or sworn complaint but states "I didn't know what the color and content was of the drinks that I ordered from the defendant," which was sufficient to impeach the only witness who could have testified against the defendant and therefore there was no evidence upon which to base

the conviction, nor any complaint upon which to base it, nor any affidavit upon which to base it; that the particular section of the ordinance in question provides: "Sales to minors, habitual drunkards, mental incompetents. No licensee shall sell, give or deliver alcoholic liquor to any minor or to any intoxicated person or to any person known to him to be a habitual drunkard, spendthrift or insane, feeble-minded or distracted person."

It is alleged this ordinance is contrary to the provisions of the constitution guaranteeing equal protection of the law to all. The motion alleged that the said facts did not then and there, and do not now, appear of record herein; that said facts were then and there unknown to the court; that had said court then and there known such facts the court would not have rendered judgment herein. The motion is verified and with it was filed an affidavit of Edward L. Rybstat to the effect that on December 6, 1947, he interviewed the justice and examined his records and docket, and that there was no affidavit of any kind or nature relating to this cause in the justice court. No other affidavits were filed in support of the motion and none against it.

Briefs were filed, the court heard counsel in opposition to and in favor of the motion to vacate and on March 5, 1948, overruled it. We are asked by this writ of error to vacate the conviction and to reverse the judgment of the justice of the peace and the judgment of the criminal court, or, in the alternative, to expunge the record of conviction as a nullity on the grounds that neither the justice nor the criminal court had jurisdiction.

The filing of a motion in the nature of a writ of error *coram nobis* is the beginning of a new action, civil in its nature, (*People* v. *Touhy,* 397 Ill. 19; *People* v. *Dabbs,* 372 Ill. 160; *People ex rel. Courtney* v. *Green,* 355 Ill. 468,) and is authorized by section 72 of the Civil Practice Act. Ill. Rev. Stat. 1947, chap. 110, par. 196.

It will be noted the above motion sets out that the ordinance under which the defendant was convicted is unconstitutional, unreasonable and void. The record contains no certificate by the trial court that the validity of an ordinance is involved and that the public interest requires a direct review by the Supreme Court. In the absence of such certificate this court has no jurisdiction to review the question of the validity of the ordinance. (*City of Chicago* v. *Terminiello,* 396 Ill. 41; Ill. Rev. Stat. 1947, chap. 110, par. 199.) There is no question concerning the validity of a statute or construction of the constitution here involved, nor is there any other question which confers jurisdiction upon this court. The cause is therefore transferred to the Appellate Court for the First District.

*Cause transferred.*