THE PEOPLE OF PUERTO RICO, Plaintiff and Appellant, v. JOSÉ SOTO ZARAGOZA ET AL., Defendants and Appellees.

No. 10547. Argued April 2, 1951.—Decided April 11, 1951.

*Víctor Gutiérrez Franqui,* Attorney General, *J. Rivera Barreras,* Fiscal of the Supreme Court, and *Frank Vizcarrondo Vivas,* Assistant Fiscal, for appellant. *Celestino Iriarte* and *F. Fernández Cuyar* for appellees.

MR. JUSTICE MARRERO delivered the opinion of the Court.

In the "Motion in Aid of the Appellate Jurisdiction of this Supreme Court" filed by the People of Puerto Rico it is alleged in brief that José Soto Zaragoza and Harry Lake Penn were accused and convicted of a violation of the *Bolita* Act,[1] and sentenced by the Honorable Francisco Torres Aguiar to two years' and one year's imprisonment in jail, respectively; that both defendants appealed from said judgments and after their appeals had been perfected they abandoned same in this Court; that after the mandate was received in the lower court, the defendants filed there a motion to set aside the judgments, which motion, after having been set for hearing on its merits and after evidence in support thereof had been received, was granted by the Honorable Rodolfo Ramírez Pabón by order of February 19, 1951, directing the release of the defendants who at present are out without bail; that from a thorough examination of the evidence introduced both in the original trial as well as in the incident to vacate the judgments, the district attorney has reached the conclusion that the evidence on which said order was based is insufficient to support the allegations of fraud made by the defendants, the People firmly believing that its appeal is meritorious; wherefore it prays that in aid of and to enforce its appellate jurisdiction this Supreme Court exercise its inherent power to adopt such measures as it might deem pertinent and necessary, and that in virtue thereof it set aside the execution of the order entered by Judge Ramírez Pabón and order the imprisonment of both defendants until the appeal taken by the People is decided

---

[1] Act 220 of May 15, 1948 (Sess. Laws, p. 738).

on its merits, or in default thereof, that said defendants be ordered to give bail in the amount deemed pertinent by this Court in order that they may remain at provisional liberty.

The defendants objected to that motion of the People, among other grounds, because pursuant to the provisions of § 352 of the Code of Criminal Procedure, "An appeal taken by 'The People' in no case stays or affects the operation of a judgment in favor of the defendant, until judgment is reversed"; because should the appeal taken by the People be based on § 348 of the Code of Criminal Procedure, since § 352 of that Code provides that an appeal taken by the People in no case stays or affects the operation of a judgment in favor of the defendant, until judgment is reversed, any argument based on laws and decisions of a civil nature and on provisions of the Code of Civil Procedure, would tend to undermine or subvert the applicable Sections of the Code of Criminal Procedure; that the District Attorney's petition is an inverted habeas corpus, contrariwise, and that although in such proceedings the petitioner is admitted to bail during their prosecution, when by virtue thereof the petitioner is discharged and the District Attorney appeals, the defendant cannot be imprisoned; that accepting *arguendo* the position taken by the District Attorney and arguing the question exclusively on the basis of provisions of a civil nature and of the case law to that effect, the contention of the People is contrary to law, inasmuch as even acknowledging the inherent power of this Court to enter in civil cases such orders as may be necessary to enforce its jurisdiction, the law and the decisions demand as a requisite *sine qua non* that the appellant make a satisfactory showing in the sense that his appeal has substantial merits, and in the case at bar the District Attorney has not made such a showing.

We do not have in Puerto Rico any statutory provision expressly recognizing the proceeding known in the old Common Law as a writ of *coram nobis*. However, we have recognized, although with certain limitations, the power

of courts to set aside a judgment obtained by fraud. *People* v. *Gerena, ante,* p. 211.[2] On the other hand the law and the decisions are almost unanimous in the sense that although a motion to set aside a judgment, such as that filed in this case by the defendants, may be filed within the same criminal action against them and as a part thereof, such a motion constitutes, however, a proceeding civil in nature. *Jones* v. *Dowd,* 128 Fed. 2d, 331, 333; *In re Paiva,* 31 Cal. 2d, 503, 505; 190 Pac. 2d, 604, 606; *Village of Skokie* v. *Schramm,* 83 N.E. 2d, 281; *State* v. *Spencer,* 41 N. E. 2d, 601; *State* v. *Miller,* 166 Pac. 2d, 680; *People* v. *Dabbs,* 23 N. E. 2d, 343; *Buchanan* v. *Anderson,* 168 S. W. 2d, 761, 762; *Meyer* v. *Youngblood,* 48 N. E. 2d, 55; *Emmert* v. *Gentry,* 62 N. E. 2d, 860, 862; 161 A.L.R. 532; *Williams* v. *Dowd,* 153 Fed. 2d, 328, 330; 31 Am. Jur. 322 § 799; 24 C.J.S. 145, § 1606.

◼ The Supreme Court of California believes that in such proceedings both the right of appeal by the People as well as the right of appeal by the defendants are derived from §§ 1237 and 1238 of its Penal Code. *In re Paiva, supra,* at pp. 506, 507. Sections 1237 and 1238 of the Penal Code of California are identical with §§ 347 and 348 of our Code of Criminal Procedure.[3] Ours were taken there-

---

[2] It has been held in California that a motion to vacate a judgment of conviction in a criminal action partakes of the nature of a writ of *coram nobis.* *People* v. *Gilbert,* 25 Cal. 2d 422, 154 Pac. 2d 657.

[3] Sections 347 and 348 of our Code of Criminal Procedure provide:
"Section 347.—An appeal may be taken by the defendant:
"1. From a final judgment of conviction;
"2. From an order denying a motion for a new trial;
"3. From an order made after judgment, affecting the substantial rights of the party.
"Section 348.—An appeal may be taken by the People:
"1. From an order setting aside the information;
"2. From a judgment for the defendant on a demurrer to the information;
"3. From an order granting a new trial;
"4. From an order arresting judgment;
"5. *From an order made after judgment, affecting the substantial rights of the people;*
"6. From an order of the court directing the jury to find for the defendant." (Italics ours.)

from. Said Sections prescribe the instances in which the defendant and the People of Puerto Rico may appeal, respectively. Although the decisions of the Supreme Court of California, subsequent to the date on which we adopted from that State our Code of Criminal Procedure, have only a persuasive force with us, we also believe that the appeal taken by the People of Puerto Rico from the order of February 19, 1951, is governed by the provisions of § 348, subdivision 5, of the Code of Criminal Procedure.

■ However, since a motion to vacate a judgment, such as the one filed by the defendants herein, is a proceeding civil in nature, by virtue of the provisions of § 36 of our Code of Civil Procedure, we are empowered to adopt such measures as may be necessary to enforce our jurisdiction.[4] See *Rivera v. Tugwell, Governor*, 59 P.R.R. 834; *Santaella v. Garrido*, 50 P.R.R. 141; *Todd v. Municipal Assembly*, 40 P.R.R. 803.[5]

As already noted, José Soto Zaragoza and Harry Lake Penn were convicted and sentenced to imprisonment in jail and later set free by virtue of the order entered in answer to the motion to set aside the judgments. The People of Puerto Rico having appealed from said order and the defendants being at liberty in virtue thereof, we deem it appropriate to direct, in order to enforce our jurisdiction and that the same may not in short become perhaps academic, that said defendants give bail to guarantee their appearance whenever necessary. Our action in this connection must not be interpreted in the sense of prejudging in any manner whatsoever the merits of the appeal taken by the People.

---

[4] Section 36 of the Code of Civil Procedure provides:

"When jurisdiction is, by this Code, or by another statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceedings be not specially pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code."

[5] Reversed on other grounds in *Méndez & Co. v. District Court*, 57 P.R.R. 829.

An order will be entered granting the motion of the District Attorney and ordering the defendant José Soto Zaragoza to give bail in the amount of $3,000 and the defendant Harry Lake Penn in the sum of $1,500, within the term of 10 days, warning them that in default thereof they will be imprisoned.

Mr. Justice Todd, Jr., did not participate herein.