THE PEOPLE OF PUERTO RICO, Plaintiff and Appellant, *v.* ENRIQUE ZAVALA FIGUEROA, Defendant and Appellee.

No. 11478. Argued May 24, 1955.—Decided June 30, 1955.

---

[5] Vale Soto was in default in the trial court and did not appeal from the judgment against him.

462

*José Trías Monge, Attorney General,* and *Rafael L. Ydrach Yordán, Fiscal of the Supreme Court,* for appellant. *Santos P. Amadeo* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Defendant prays for the dismissal of the appeal filed by the People in the above-entitled case. He alleges in his brief that on or about May 25, 1953, he filed in the Superior Court a motion praying the Court to set aside the judgment of life imprisonment imposed on him by the former District Court on October 7, 1946;[1] that on July 19, 1954, the Superior Court granted his motion and set aside the judgment rendered against him; that four days later the prosecuting attorney filed a motion for reconsideration and on July 30 that motion was denied; that on August 6, 1954, The People

---

[1] The motion to set aside the judgment was based on the ground that defendant had no legal and effective assistance at the trial.

appealed to this Court both from the decision of July 19 and from that of July 30; and that this Court lacks jurisdiction to entertain the appeal, because it was not filed within the statutory term, citing §§ 348 and 349 of the Code of Criminal Procedure and the case of *People* v. *Soto*, 72 P.R.R. 385.

Opposing appellee's motion, the prosecuting attorney contends that the "Motion to Set Aside Judgment" filed by defendant partakes of the nature of and is substantially and fundamentally a habeas corpus proceeding; that the direct attack against a judgment by means of a motion has the same objective as a habeas corpus proceeding when the judgment has been rendered without jurisdiction; and that since the motion to set aside the judgment is analogous to a habeas corpus proceeding and both the motion and the habeas corpus are of a civil nature, the term for appeal must be computed in accordance with the provisions of the Code of Civil Procedure.

■■ Pursuant to § 348 of the Code of Criminal Procedure, an appeal may be taken by the People ". . . 5. From an order made after judgment, affecting the substantial rights of the people." Therefore, there is no doubt that the People could have appealed from the orders entered on July 19 and 30. However, pursuant to the provisions of § 349 of the Code of Criminal Procedure, as amended by Act No. 51 of April 20, 1949 (Sess. Laws, p. 128), "An appeal from a judgment must be taken within fifteen days after its rendition, and from an order, within five days after it is made." This case is not an appeal from a judgment, but an appeal from an order. If § 349 *supra* is applicable, naturally, the appeal must be dismissed for lack of jurisdiction, since it was not taken within the five days fixed in that Section.

■ The prosecuting attorney, as we have seen, contends that the defendant's motion to set aside the judgment is equivalent substantially and fundamentally to a habeas corpus proceeding. Perhaps he is right, since, as we have

said on different occasions, the name or title given to a motion does not determine its intrinsic nature.[1a] *Ponce* v. *F. Badrena e Hijos, Inc.,* 74 P.R.R. 210, 234; *People* v. *Cruzado,* 74 P.R.R. 872, 878. We further agree with the People that habeas corpus is a proceeding of a civil nature. —*Vázquez* v. *Rivera,* 69 P.R.R. 883, 884; *cf. Torres* v. *Rivera,* 70 P.R.R. 56—and that appeals in habeas corpus proceedings are governed by the Act of March 12, 1903 (Sess. Laws, p. 103). *Espinosa* v. *Ramírez,* 71 P.R.R. 10. We also agree with the prosecuting attorney that the nonassistance of counsel at trial may be raised by defendant either by habeas corpus—*Morales* v. *Saldaña,* 63 P.R.R. 57—or by motion to set aside a judgment. *Bowen* v. *United States,* 134 F. 2d 845. However, that on which we cannot agree with the People is that because of the mere fact that the motion to set aside the judgment and a habeas corpus proceeding filed for the same purpose are analogous, the appeal in a case like the present one should be governed by the Code of Civil Procedure instead of by the Code of Criminal Procedure.

In *People* v. *Soto, supra,* the defendants filed a motion to set aside the judgment, which was granted, and the People appealed. Upon deciding a motion in aid of our appellate jurisdiction we said "we do not have in Puerto Rico any statutory provision expressly recognizing the proceeding known in the old Common Law as a writ of *coram nobis*" [2] but we recognized, although with certain limitations, the power of courts to set aside a judgment obtained by fraud. We further said that "the law and the decisions are almost unanimous in the sense that although a motion to set aside a judgment, such as that filed in this case by the defendants,.

---

[1a] To file a motion to set aside the judgment, it is not necessary, of course, that petitioner be imprisoned, as is the case in a habeas corpus proceeding.

[2] In our jurisprudence the writ of *coram nobis* is similar to a motion to set aside the judgment rendered. *Ponce* v. *F. Badrena e Hijos, Inc.,* 74 P.R.R. 210, 234; *People* v. *Gerena,* 72 P.R.R. 211.

may be filed within the same criminal action against them and as a part thereof, such a motion constitutes, however, a proceeding civil in nature," (citing innumerable cases from the United States) but this notwithstanding "the Supreme Court of California believes that in such proceedings both the right of appeal by the People as well as the right of appeal by the defendants are derived from §§ 1237 and 1238 of its Penal Code," which are identical with §§ 347 and 348 of our Code of Criminal Procedure.[3]  We concluded by saying that although the decisions of the Supreme Court of California, subsequent to the date on which we adopted from that State our Code of Criminal Procedure, have only a persuasive force with us, we believed that the appeal taken by the People of Puerto Rico was governed by the Code of Criminal Procedure.

The subsequent study that we have made of the question, convinces us that we were entirely justified in expressing ourselves in the above manner.  The case of *In re Paiva*, 31 Cal. 2d 503, cited by us with approval in *People* v. *Soto*, *supra*, dealt with a proceeding in the nature of a writ of *coram nobis*.  The Supreme Court of California decided therein (p. 508) that:

" . . . In this state a defendant who has been convicted in a criminal case has the right to seek to defeat the judgment of conviction either by direct appeal from the judgment or by a motion for a new trial or by motion (in the nature of *coram nobis*) to vacate the judgment.  If his motion for new trial or to vacate the judgment is decided adversely he has the right to appeal from the order of denial.  (Pen. Code § 1237.)  *The same statute which gives him the right to appeal from the judgment of conviction likewise gives him the right to appeal from an order denying a motion for new trial or from the order denying his motion to vacate the judgment.  . . .*

---

[3] Section 347 of our Code of Criminal Procedure before it was amended by Act No. 128 of April 26, 1950 (Sess. Laws, p. 332) was similar to § 1237 of the State of California.

"Whatever (p. 509) may be the nature of the proceeding traditionally, . . . we are satisfied that in California a proceeding in the nature of a writ of *coram nobis* is properly regarded 'as a part of the proceedings in the case to which it refers' rather than as 'a new adversary suit.' . . . [and that] (p. 510) *a motion to vacate a judgment in a criminal case upon grounds which make such motion the equivalent of a proceeding in the nature of a writ of error coram nobis, must be regarded as a part of the proceedings in the criminal case."* (Italics ours.)

We are entirely in agreement with the criterion thus stated. Consequently, notwithstanding the analogy which may exist between a habeas corpus proceeding filed to set aside a judgment—because defendant was not assisted by counsel at the corresponding stages of the trial—and a motion to set aside a judgment rendered against a defendant, for the same reason, with respect to the term for appeal from the judgment or order of dismissal of either one, the situation changes. A habeas corpus proceeding filed for that purpose is undoubtedly a civil proceeding, contentious, independent and foreign to the case itself in which the judgment sought to be vacated was rendered; while a motion like this one is properly regarded as part of the proceedings in the criminal case. See *In re Paiva, supra.* In the light of these considerations defendant's motion must prevail, since the People filed the appeal after the expiration of the term of five days mentioned in § 349 of the Code of Criminal Procedure.

The appeal of The People will be dismissed for lack of jurisdiction.

Mr. Justice Negrón Fernández dissented.