EL PUEBLO DE PUERTO RICO, demandante y apelante, *v.* JOSÉ SOTO ZARAGOZA y HARRY LAKE PENN, acusados y apelados.

Núm. 10547.—*Sometido:* Abril 2, 1951 *Resuelto:* Abril 11, 1951

*Hon. Procurador General Víctor Gutiérrez Franqui, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Frank Vizcarrondo Vivas, Fiscal Auxiliar,* abogados del apelante; *Celestino Iriarte* y *F. Fernández Cuyar,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En la "Moción en Auxilio de la Jurisdicción Apelativa de esta Suprema Corte" radicada por El Pueblo de Puerto Rico se alega en síntesis que José Soto Zaragoza y Harry Lake Penn fueron acusados y convictos de infringir la Ley de la

Bolita,(¹) sentenciándoles el Hon. Francisco Torres Aguiar a sufrir una pena de dos años y un año de cárcel, respectivamente; que de las sentencias así dictadas apelaron ambos acusados y cuando sus recursos ya habían sido perfeccionados desistieron de los mismos ante esta Corte; que luego de recibido el mandato en el tribunal inferior, los acusados radicaron allí una moción sobre nulidad de sentencia, la que después de señalada para vista en sus méritos y de oírse prueba en su apoyo, fué declarada con lugar por el Hon. Rodolfo Ramírez Pabón por resolución de 19 de febrero de 1951, ordenándose la excarcelación de los acusados y hallándose éstos en libertad sin fianza; que del estudio minucioso que ha hecho de la prueba que desfiló tanto en el juicio original como en el incidente sobre nulidad de sentencia, el fiscal ha llegado a la conclusión de que la prueba en la cual se basó dicha resolución es insuficiente para sostener las alegaciones de fraude formuladas por los acusados, creyendo El Pueblo firmemente que su apelación es meritoria; por lo que solicita que en auxilio de su jurisdicción apelativa y para hacer efectiva la misma esta Corte Suprema ejercite la facultad inherente que tiene para adoptar aquellas medidas que estime pertinentes y necesarias, y que en virtud de ello deje sin efecto la ejecución de la resolución dictada por el Juez Ramírez Pabón y ordene la encarcelación de ambos acusados hasta tanto se resuelva en sus méritos la apelación interpuesta por El Pueblo, o en su defecto que se exija a dichos acusados que presten fianza por la cantidad que esta Corte estime pertinente, para que puedan ellos continuar en libertad provisional.

A esa moción de El Pueblo se opusieron los acusados, entre otros motivos, porque a tenor de lo provisto por el artículo 352 del Código de Enjuiciamiento Criminal, "Una apelación establecida por el ministerio fiscal, en ningún caso puede suspender o afectar los resultados de una sentencia favorable al acusado en tanto no sea aquélla revocada"; por-

---

(¹) Ley 220 de 15 de mayo de 1948, pág. 739.

que de fundarse la apelación interpuesta por El Pueblo de Puerto Rico en el artículo 348 del Código de Enjuiciamiento Criminal, como el 352 del mismo cuerpo legal dispone que la apelación interpuesta por el ministerio fiscal en ningún caso puede suspender o afectar los resultados de una sentencia favorable al acusado, en tanto no sea aquélla revocada, cualquier argumento a base de jurisprudencia de naturaleza civil y de preceptos del Código de Enjuiciamiento Civil, tendería a socavar o subvertir los artículos aplicables del Código de Enjuiciamiento Criminal; que la petición del fiscal constituye un Hábeas Corpus invertido, al revés, y que si bien en esa clase de recursos se concede fianza al peticionario durante la tramitación de los mismos, cuando a virtud de ellos el peticionario es excarcelado y el fiscal apela, no hay derecho a encarcelar a aquél; que aceptando *argüendo* la posición en que se coloca el fiscal y argumentando la cuestión exclusivamente a base de los preceptos de naturaleza civil y de la jurisprudencia a ese efecto, la pretensión del ministerio público es improcedente, toda vez que aun reconociendo la facultad inherente de esta Corte para dictar en casos civiles aquellas órdenes que fueren necesarias para hacer efectiva su jurisdicción, la jurisprudencia exige como requisito *sine qua non* que el apelante haga una demostración satisfactoria en el sentido de que su apelación tiene méritos sustanciales y en el caso de autos el fiscal no ha hecho tal demostración.

 En Puerto Rico no existe por disposición expresa de ley el procedimiento conocido en el antiguo Derecho Común con el nombre de auto de *coram nobis*. Sin embargo, ya hemos reconocido, aunque con ciertas limitaciones, el poder de las cortes para dejar sin efecto una sentencia obtenida mediante fraude. *Pueblo* v. *Gerena López,* ante pág. 222.([2]) Por otra parte, la jurisprudencia se pronun-

---

([2]) En California se ha resuelto que una moción para dejar sin efecto una sentencia condenatoria en causa criminal participa de la naturaleza de un auto de *coram nobis*. *People* v. *Gilbert,* 25 Cal. 2d 422, 154 P. 2d 657.

cia casi unánimemente en el sentido de que si bien una moción sobre nulidad de sentencia como la instada en el presente caso por los acusados puede ser interpuesta dentro de la misma causa criminal que se siguió en su contra y como parte de ella, tal moción constituye, sin embargo, un procedimiento de naturaleza civil *Jones v. Dowd*, 128 F.2d 331, 333; *In re Paiva*, 31 Cal. 2d 503, 505, 190 P.2d 604, 606; *Village of Skokie v. Schramm*, 83 N.E.2d 281; *State v. Spencer*, 41 N.E.2d 601; *State v. Miller*, 166 P.2d 680; *People v. Dabbs*, 23 N.E.2d 343; *Buchanan v. Anderson*, 168 S.W.2d 761, 762; *State v. Youngblood*, 48 N.E.2d 55; *State v. Gentry*, 62 N.E.2d 860, 862; 161 A.L.R. 532; *Williams v. Dowd*, 153 F.2d 328, 330; 31 Am. Jur. 322, sección 799; 24 C.J.S. 145, sección 1606.

La Corte Suprema de California es de opinión que en procedimientos de esa naturaleza tanto el derecho de apelación de El Pueblo como el derecho de apelación de los acusados emana de los artículos 1237 y 1238 de su Código Penal. *In re Paiva*, supra, a las págs. 506, 507. Los artículos 1237 y 1238 del Código Penal de California son idénticos a los artículos 347 y 348 de nuestro Código de Enjuiciamiento Criminal.(³) De allí fueron tomados los nuestros. En ellos se disponen los casos en que un acusado y

(³) Los artículos 347 y 348 de nuestro Código de Enjuiciamiento Criminal disponen:

"Artículo 347.—El acusado puede apelar:

"1. De una sentencia condenatoria definitiva.

"2. De una providencia denegando una petición para la celebración de nuevo juicio.

"3. De una providencia dictada después del fallo que afecte los derechos sustanciales de la parte."

"Artículo 348.—El ministerio público puede establecer apelación:

"1. De una providencia desestimando la acusación.

"2. De una sentencia a favor del acusado en virtud de excepción perentoria puesta a la acusación.

"3. De una providencia concediendo la celebración de nuevo juicio.

"4. De una providencia declarando el sobreseimiento provisional.

"5. *De una providencia dictada después de pronunciado el fallo que afecte los derechos sustanciales del ministerio público.*

"6. De una orden del tribunal al jurado mandando que éste pronuncie veredicto a favor del acusado." (Bastardillas nuestras.)

El Pueblo de Puerto Rico pueden establecer sus resp ivas apelaciones. Si bien lo resuelto por la Corte Sup. ; de California con posterioridad a la fecha en que adc mos de aquel estado nuestro Código de Enjuiciamiento Criminal es tan sólo persuasiva para nosotros, somos también del criterio que la apelación interpuesta por El Pueblo de Puerto Rico contra la resolución de 19 de febrero de 1951 se rige por los preceptos del artículo 348, inciso 5, del Código de Enjuiciamiento Criminal.

No obstante, siendo una moción sobre nulidad de sentencia como la radicada por los acusados en este caso un procedimiento de naturaleza civil, a virtud de lo dispuesto por el artículo 36 de nuestro Código de Enjuiciamiento Civil estamos facultados para adoptar aquellas medidas que sean necesarias para hacer efectiva nuestra jurisdicción.[4] Véanse *Rivera* v. *Tugwell, Gobernador*, 59 D.P.R. 841; *Santaella* v. *Garrido, Comisionado*, 50 D.P.R. 147; *Todd* v. *Asamblea Municipal*, 40 D.P.R. 835.[5]

Como ya hemos indicado, José Soto Zaragoza y Harry Lake Penn.fueron convictos y sentenciados a penas de cárcel y puestos luego en libertad a virtud de la resolución dictada en respuesta a la moción sobre nulidad de sentencia. Habiendo el Pueblo de Puerto Rico apelado de esa resolución y estando por virtud de ella en libertad los acusados, consideramos apropiado ordenar, a fin de hacer efectiva nuestra jurisdicción y para que en definitiva la misma no resulte quizá académica, que dichos acusados presten fianza para garantizar su comparecencia cuando ello fuere menester. Esta actuación nuestra no debe interpretarse en el

---

[4] El artículo 36 del Código de Enjuiciamiento Civil provee:

"Cuando por este Código o por otra ley se confiera jurisdicción a una corte o funcionario judicial, se le confieren también todos los medios necesarios para hacerla efectiva; y en el ejercicio de ella, si el procedimiento no estuviere especialmente señalado en este Código o en otra ley, podrá adoptarse cualquier otro procedimiento o modo adecuado que parezca estar más en armonía con el espíritu de este Código."

[5] Revocado por otros motivos en *Méndez & Cía.* v. *Corte*, 57 D.P.R. 845.

sentido de prejuzgar en forma alguna los méritos de la apelación interpuesta por El Pueblo.

*Se dictará resolución declarando con lugar la moción del fiscal y requiriendo del acusado José Soto Zarágoza que preste fianza por la suma de $3,000 y del acusado Harry Lake Penn que la preste por la suma de $1,500, dentro del término de diez días, advirtiéndoles que de no hacerlo así se ordenará su encarcelación.*

El Juez Asociado Sr. Todd, Jr., no intervino.