EL PUEBLO DE PUERTO RICO, demandante y apelante, *v.* ENRIQUE ZAVALA FIGUEROA, acusado y apelado.

Número 11478.
*Sometido:* 24 de mayo de 1955. *Resuelto:* 30 de junio de 1955.

---

[5] Vale Soto nunca compareció ante el tribunal sentenciador y no apeló de la sentencia en su contra.

*Hon. Secretario de Justicia José Trías Monge* y *Rafael L. Ydrach Yordán, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelante; *Santos P. Amadeo* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la ópinión del Tribunal.

Nos pide el acusado que desestimemos la apelación interpuesta por El Pueblo en el recurso del epígrafe. Alega en el escrito presentado al efecto, que allá para el 25 de mayo de 1953 él radicó en el Tribunal Superior una moción solicitando la anulación de la sentencia de reclusión perpetua impuéstale por el antiguo Tribunal de Distrito el 7 de oc-

tubre de 1946; (¹) que el 19 de julio de 1954 el Tribunal Superior declaró con lugar su moción y anuló la sentencia dictada en su contra; que cuatro días más tarde el fiscal presentó una moción de reconsideración y el 30 del mismo mes esa moción fué declarada sin lugar; que el 6 de agosto de 1954 El Pueblo apeló para ante nos tanto de la resolución del 19 de julio como de la dictada en 30 del mismo mes; y que este Tribunal carece de jurisdicción para conocer del recurso, por haberse interpuesto el mismo fuera del término fijado por la ley, citando los arts. 348 y 349 del Código de Enjuiciamiento Criminal y el caso de *Pueblo* v. *Soto*, 72 D.P.R. 412.

En oposición a la anterior moción del apelado el fiscal sostiene que la "Moción Sobre Anulación de Sentencia" radicada por el acusado participa de la naturaleza de y es sustancial y fundamentalmente un recurso de hábeas corpus; que el ataque directo a una sentencia mediante moción tiene el mismo objetivo de un recurso de hábeas corpus, cuando la sentencia ha sido dictada sin jurisdicción; y que siendo la moción para dejar sin efecto la sentencia análoga a un recurso de hábeas corpus y participando dicha moción al igual que ese recurso de naturaleza civil, el término para apelar ha de ser aquél provisto por el Código de Enjuiciamiento Civil.

■■ De conformidad con lo dispuesto por el art. 348 del Código de Enjuiciamiento Criminal el ministerio público puede establecer apelación ". . . 5. De una providencia dictada después de pronunciado el fallo que afecte los derechos sustanciales del ministerio público." Así pues, no hay duda de que las resoluciones dictadas en 19 y 30 de julio podían apelarse por El Pueblo. Sin embargo, a tenor de lo dispuesto por el art. 349 del mismo Código, según fué enmendado por la Ley núm. 51 de 20 de abril de 1949 (pág. 129) "la apelación contra una sentencia debe entablarse dentro

---

(¹) La moción sobre nulidad de sentencia se fundó en que el acusado no tuvo una asistencia legal y efectiva durante el juicio.

de los 15 días de pronunciada, y contra una providencia dentro de los cinco días." No se trata aquí de la apelación contra una sentencia, sino de la apelación interpuesta contra una resolución. De ser aplicable el art. 349 supra la apelación, naturalmente, debe ser desestimada por falta de jurisdicción, ya que el escrito de apelación fué interpuesto fuera del término de cinco días a que se hace referencia en dicho artículo.

El fiscal, como hemos visto, sostiene que la moción sobre nulidad de sentencia radicada por el acusado equivale sustancial y fundamentalmente a un recurso de hábeas corpus. Puede que en esto tenga razón, ya que conforme hemos dicho en varias ocasiones el nombre o la rúbrica que se le dé a un escrito no es determinante de la naturaleza del mismo.(¹ᵃ) *Ponce* v. *F. Badrena e Hijos, Inc.*, 74 D.P.R. 225, 252; *Pueblo* v. *Cruzado*, 74 D.P.R. 934, 940. Convenimos asimismo con el ministerio público en que el hábeas corpus es un recurso de naturaleza civil—*Vázquez* v. *Rivera*, 69 D.P.R. 947, 948; *cf. Torres* v. *Rivera*, 70 D.P.R. 59—y en que el derecho a apelar contra la resolución o sentencia que en el mismo se dicte se rige por la Ley de marzo 12 de 1903 (pág. 104). *Espinosa* v. *Ramírez, Alcaide de Cárcel*, 71 D.P.R. 10. También estamos contestes con el fiscal en que la no asistencia de abogado durante el juicio puede suscitarse por el acusado tanto mediante hábeas corpus—*Morales* v. *Saldaña*, 63 D. P. R. 59—como por moción solicitando la nulidad de la sentencia. *Bowen* v. *United States*, 134 F.2d 845. Empero, en lo que no podemos estar de acuerdo con el ministerio público es en que por el mero hecho de que la moción sobre nulidad de sentencia y un hábeas corpus instado con el mismo fin sean análogos, la apelación en un caso como el presente deba regirse por el Có-

---

(¹ᵃ) En la moción sobre nulidad de sentencia, desde luego, no es necesario que el promovente esté preso para que pueda radicarla, como ocurre en el hábeas corpus.

dïgo de Enjuiciamiento Civil y no por el Código de Enjuiciamiento Criminal.

En *Pueblo* v. *Soto*, 72 D.P.R. 412, los acusados radicaron una moción sobre nulidad de sentencia, que fué declarada con lugar, apelándose por El Pueblo de la resolución dictada a ese efecto. Al resolver una moción en auxilio de nuestra jurisdicción apelativa dijimos "que en Puerto Rico no existe por disposición expresa de ley el procedimiento conocido en el antiguo Derecho Común con el nombre de *coram nobis*," (2) pero que con ciertas limitaciones ya habíamos reconocido el poder de las cortes para dejar sin efecto una sentencia obtenida mediánte fraude. Dijimos asimismo que "la jurisprudencia se pronuncia casi unánimemente en el sentido de que si bien una moción sobre nulidad de sentencia como la instada en el presente caso por los acusados puede ser interpuesta dentro de la misma causa criminal que se siguió en su contra y como parte de ella tal moción constituye, sin embargo, un procedimiento de naturaleza civil," (citando innumerables casos del continente) pero que no obstante ello "la Corte Suprema de California es de opinión que en procedimientos de esa naturaleza tanto el derecho de apelación de El Pueblo como el derecho de apelación de los acusados emana de los arts. 1237 y 1238 de su Código Penal," los cuales son idénticos a los arts. 347 y 348 de nuestro Código de Enjuiciamiento Criminal. (3) Concluímos diciendo que a pesar de ser lo resuelto por la Corte Suprema de California con posterioridad a la fecha en que adoptamos de aquel estado nuestro Código de Enjuiciamiento Criminal tan sólo persuasivo para nosotros, nuéstro criterio era que la apelación interpuesta por El Pueblo se regía por el Código de Enjuiciamiento Criminal.

(2) En nuestra jurisdicción el recurso de *coram nobis* es similar al de una moción para dejar sin efecto la sentencia dictada. *Ponce* v. *F. Badrena e Hijos, Inc.,* 74 D.P.R. 225, 253; *Pueblo* v. *Gerena,* 72 D.P.R. 222.

(3) El art. 347 de nuestro Código de Enjuiciamiento Criminal antes de ser enmendado por la Ley 128 de 26 de abril de 1950 (pág. 333) era igual al art. 1237 del Estado de California.

El estudio ulterior que hemos hecho de la cuestión nos convence de que al expresarnos en la forma arriba indicada estuvimos enteramente ajustados a derecho. En el caso de *In re Paiva*, 31 C.2d 503, citado por nosotros con aprobación en *Pueblo* v. *Soto*, supra, se trataba de un procedimiento de la naturaleza de un auto de *coram nobis*. El Tribunal Supremo de California resolvió en él que (pág. 508) :

". . . En este estado un acusado que ha sido convicto en una causa criminal tiene derecho a tratar de derrotar esa sentencia condenatoria bien apelando directamente de la sentencia, mediante moción de nuevo juicio o mediante moción (de la naturaleza de un recurso de *coram nobis*) para dejar sin efecto la sentencia. Si su moción de nuevo juicio o para dejar sin efecto la sentencia le es resuelta adversamente, él tiene derecho a apelar de la resolución denegatoria (Código Penal, artículo 1237). *El mismo estatuto que le concede el derecho a apelar de la sentencia condenatoria le otorga, asimismo el derecho a apelar de una resolución denegatoria de su moción para dejar sin efecto la sentencia. . . .*

"No importa (pág. 509) cuál pueda ser tradicionalmente la naturaleza del procedimiento . . . estamos convencidos de que en California un procedimiento de la naturaleza de un auto de *coram nobis* es considerado propiamente 'como parte de los procedimientos en el caso a que el mismo se refiere' más bien que como 'un nuevo recurso contencioso' . . . y que (pág. 510) *una moción para dejar sin efecto la sentencia dictada en una causa criminal, por motivos que hacen que tal moción equivalga a un procedimiento de la naturaleza de un auto de coram nobis, debe ser considerada como parte de los procedimientos en la causa criminal.*" (Bastardillas nuestras.)

Estamos enteramente contestes con el criterio así enunciado. En su consecuencia, no obstante la analogía que pueda existir entre un recurso de hábeas corpus interpuesto para anular una sentencia—por no haber estado el acusado asistido de abogado en las etapas correspondientes del procedimiento—y una moción para anular la sentencia dictada contra un acusado, por el mismo motivo, en lo que al término para apelar de la sentencia o resolución denegatoria de uno

u otra respecta, la situación varía. Un recurso de hábeas corpus interpuesto con tal fin es sin duda un procedimiento civil, contencioso, independiente y ajeno al caso en sí en que se dictó la sentencia cuya anulación se solicita, mientras que una moción como la presentada en este caso tiene necesariamente que ser considerada como parte de los procedimientos en la causa criminal. Véase *In re Paiva*, supra. Dadas estas consideraciones la moción del acusado debe prevalecer, ya que el recurso interpuesto por El Pueblo lo fué luego de expirado el término de cinco días de que nos habla el art. 349 del Código de Enjuiciamiento Criminal.

*La apelación de El Pueblo será desestimada por falta de jurisdicción.*

El Juez Asociado Sr. Negrón Fernández disintió.