Elin Román Morales, demandante y apelante, *v.* Jefe de la Penitenciaría Estatal de Puerto Rico, demandado y apelado.

Número 11366.

*Sometido:* 1 de diciembre de 1954. *Resuelto:* 28 de octubre de 1955.

768

*Elin Román Morales, pro se; Hon. Secretario de Justicia José Trías Monge, y Rafael L. Ydrach Yordán y Ramón Olivo Nieves, Fiscal y Fiscal Especial, respectivamente, del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

El acusado y apelante ha apelado ante nos, de una resolución de la Sala de Bayamón del Tribunal Superior de Puerto Rico, declarando sin lugar, el recurso de *coram nobis* radicado ante dicha Sala. La ilustrada Sala sentenciadora no celebró vista para adoptar dicha resolución.

Antes de proceder a examinar los méritos de la apelación ante nos, debemos examinar los méritos de la solicitud ante la Sala de Bayamón. En su solicitud el acusado y apelante

alegó que la sentencia debía anularse, porque (1) el presidente del jurado, que rindió el veredicto en contra del acusado y apelante vivía en público concubinato con una hermana de una de sus víctimas, y por tanto, el veredicto rendido no fué justo e imparcial; (2) un testigo de El Pueblo de Puerto Rico fué presentado por el señor Fiscal como un norteamericano que no sabía español cuando en realidad era un puertorriqueño que sabía español perfectamente, hecho este que ha podido impresionar el ánimo del jurado, a pesar de haber dicho testigo declarado falsamente; (3) la prueba aducida por el Ministerio Fiscal demostraba a lo más un posible asesinato en segundo grado.

 El auto de *coram nobis* o *coram vobis* no existe en Puerto Rico como recurso extraordinario reconocido estatutariamente en nuestro Derecho Penal. Para podernos aprovechar de sus efectos salutarios hemos equiparado los efectos de una moción solicitando dejar sin efecto sentencia, dictada en una causa criminal, a los efectos del auto de *coram nobis*, según se conoce en la Ley Común de Inglaterra o en una disposición del Código Judicial de Estados Unidos (*all-writs section*) que dispone: "La Corte Suprema y todas las cortes establecidas por el Congreso tienen autoridad para expedir todos los autos que sean apropiados para auxiliar sus respectivas jurisdicciones y resulten aceptables a los usos y principios de la Ley", o sea, a los principios generales del Derecho: 28 U.S.C.A. 2, sec. 1651(*a*). Hemos limitado su uso a aquellas situaciones de hecho que no surgen de los autos y eran desconocidas tanto para las partes como para el propio tribunal al momento de la vista de la causa, pero que de haberse conocido hubieran sido suficientes para que la sentencia no se hubiese dictado, por comprender derechos constitucionales o cuestiones fundamentales que habrían hecho imposible el pronunciamiento de la sentencia. Esta es su función en el Derecho Común inglés y en la práctica federal: *Pueblo* v. *Nazario*, 53 D.P.R. 239 (*Del Toro*), (1938), cita precisa a la pág. 242; (indagación de locura posterior a la sentencia);

*Pueblo* v. *Méndez*, 67 D.P.R. 824, (en reconsideración), (*Snyder*), (1947), cita precisa a la pág. 833, (sentencia obtenida mediante fraude) ; ·*Pueblo* v. *Gerena*, 72 D.P.R. 222 (*Todd, hijo*), (1951), cita precisa a las págs. 226–228, (sentencia obtenida mediante un plan deliberadamente trazado y ejecutado para defraudar) ; *Pueblo* v. *Soto*, 73 D.P.R. 55 (*Snyder*), (1952), cita precisa a las págs. 74–75 (sentencia obtenida mediante un plan deliberadamente trazado y ejecutado para defraudar) ; *Pueblo* v. *Cruzado*, 74 D.P.R. 934, (*Ortiz*), (1953), cita precisa a la pág. 939 (sentencia obtenida mediante renuncia de ciertos derechos del acusado) ; *United States* v. *Morgan*, 346 U. S. 502, 98 L. Ed. 248 (*Reed*), (1954), cita precisa a las págs. 510–512 U.S., 256–257 L. Ed. (sentencia obtenida sin asistencia de abogado que determinaba la reincidencia).

██ Siguiendo los antecedentes ingleses se ha negado el uso del auto de *coram nobis* para revisar después de sentencia irregularidades cometidas en la formación del jurado, tales como ocultación de las circunstancias personales de un jurado al responder a las preguntas de cualificación (*voir dire*) y su falta de imparcialidad (*misbehavior or partiality*) ; *United States* v. *Mayer*, 235 U. S. 55, 59 L. Ed. 129, (*Hughes*), (1914), cita precisa a las págs. 68–71 U. S., 136 L. Ed.; anotación sobre "el uso del *coram nobis* sobre cuestiones relativas al jurado". 36 A.L.R. 1443 et seq.; aunque el conocimiento de la conducta indebida o falta de imparcialidad se haya descubierto en una fecha posterior demasiado tardía para la presentación de una moción de nuevo juicio o para una apelación, (pág. 1444 de la misma anotación).

También se ha denegado el uso del *coram nobis* por posible perjurio de testigos, *Pueblo* v. *Gerena*, supra, 36 A.L.R. 1444, y es casi una regla universal de derecho que cualquiera impugnación a la suficiencia de la prueba para sostener el grado del delito, debe hacerse durante la apelación del caso y no mediante el recurso de *coram nobis*. En este caso el acusado y apelante tuvo una apelación ante este mismo

Tribunal sobre los méritos de la sentencia pronunciada en su contra: *Pueblo* v. *Román*, 70 D.P.R. 50 (*Negrón Fernández*), (1949).

■ No siendo las tres cuestiones alegadas por el acusado y apelante materia propia de un recurso de *coram nobis*, o de una moción para dejar sin efecto una sentencia que participara de la naturaleza de un auto de *coram nobis*, la ilustrada Sala sentenciadora no tenía por qué celebrar una vista de su solicitud, ni citarlo en la forma usual más de siete años después de sentenciado. *People* v. *Smith*, 466 (California), (*Peters*), (1952), cita precisa a las págs. 467–468; *People* v. *Malone*, 215 P.2d 109 (California) (*Adams*), (1950), cita precisa a la pág. 111.

■ La moción para dejar sin efecto una sentencia que tenga la naturaleza de un recurso de *coram nobis*, tal como se usa en Puerto Rico, no es un recurso como el hábeas corpus, que debe radicarse independientemente de la causa criminal que lo produce. No comete error el Secretario que lo radica como una moción dentro de la causa criminal a la cual corresponde: *Pueblo* v. *Soto*, 72 D.P.R. 412, (*Marrero*), (1951) cita precisa a las págs. 414–415.

*La resolución apelada será confirmada.*