# 95 DTA 5

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN I

BANCO COMERCIAL DE MAYAGUEZ,
ahora BANCO BILBAO VIZCAYA
PUERTO RICO
Demandante-Apelada

v.

CERTIFIED FIRE SPRINKLER, INC., FERNANDO CRUZ TOLLINCHE,
LUZ S. LEON HERNANDEZ Y LA SOCIEDAD DE GANANCIALES
COMPUESTA POR AMBOS Y CARLOS I. SOLLA MARTINEZ
Demandados -Apelantes

Núm. KLAN-95-00013

San Juan, Puerto Rico, a 15 de febrero de 1995

Panel integrado por su presidente, Juez Rossy García,
y los Jueces Alfonso de Cumpiano y Negrón Soto

Rossy García, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Mediante recursos independientes interesan los apelantes la revocación de una sentencia en rebeldía emitida el 29 de noviembre de 1993 contra la codemandada Luz S. León Hernández, así como la revocación de la sentencia sumaria emitida el 30 de noviembre de 1993 contra el codemandado Fernando Cruz Tollinche, ambas dictadas en el mismo caso por el Tribunal de Distrito Sala de San Juan. Estas fueron notificadas y se archivaron ambas copias de la notificación de las mismas el 21 de diciembre de 1993. Mediante dichas sentencias el tribunal declaró con lugar la demanda en cobro de dinero instada contra los aquí apelantes, entre otros demandados, y los condenó a satisfacer a la parte demandante la suma de $24,500.00 por concepto de principal adeudado, $502.26 para intereses estipulados hasta el 31 de diciembre de 1991, las costas del proceso, más una cantidad adicional de $4,900.00 por concepto de honorarios de abogado según lo pactado para el caso de incumplimiento. Por los fundamentos que pasamos a exponer resolvemos que los recursos que nos ocupan fueron interpuestos fuera del término jurisdiccional dispuesto en la Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R.53, por lo que resulta procedente decretar la desestimación de éstos por falta de jurisdicción. Como sabemos, previo a considerar los méritos de un recurso, un tribunal apelativo tiene que determinar si tiene facultad para entender en el mismo. *Sociedad de Gananciales v. A.F.F.,* 108 D.P.R. 644, 645 (1979).

## I

Antes de entrar en vigor la Ley de la Judicatura de 1994, cuya fecha de efectividad lo fue el 24 de enero de 1995, existía el derecho estatutario que permitía apelar al Tribunal Superior cualquier sentencia final del Tribunal de Distrito, 4 L.P.R.A. sec. 122█ Para la formalización de dicho derecho tanto la Regla 53.1(a) de Procedimiento Civil, *supra*, como la Regla 4 de Apelación del Tribunal de Distrito al Tribunal Superior, 4 L.P.R.A. Ap. III-A, requieren que el escrito de apelación sea presentado en la Secretaría de la sección del tribunal que entendió en el caso, y copia del mismo en la Secretaría del tribunal de apelación dentro del término de treinta (30) días siguientes al archivo en autos de copia de la notificación de la sentencia. *Rodríguez Negrón v. Morales García,* 105 D.P.R. 877, 879 (1977). Por su parte el inciso (d) de dicha Regla 53.1 dispone expresamente, refiriéndose al término para interponer un recurso de apelación, que el mismo se interrumpirá por la oportuna presentación de una moción formulada conforme a lo en ella dispuesto. Por su pertinencia procedemos a transcribir dicho inciso íntegramente, el que reza como sigue:

*"(d) El transcurso del término para apelar o para solicitar el recurso de revisión se interrumpirá por la oportuna presentación de una moción formulada de acuerdo con cualquiera de las reglas que a continuación se enumeran, y el referido término comenzará a contarse de nuevo desde que se archive en autos copia de la notificación de cualquiera de las siguientes órdenes en relación con dichas mociones: (1) declarando con lugar o denegando una moción bajo la Regla 43.3 para enmendar o hacer determinaciones iniciales o adicionales de hechos, fuere o no necesaria una modificación de la sentencia si se declarare con lugar la moción; (2) resolviendo definitivamente una moción de reconsideración sujeto a lo dispuesto en la Regla 47; (3) denegando una moción de nuevo juicio bajo la Regla 48."*

Claramente se desprende de la regla antes transcrita que la interposición de una moción en tiempo oportuno al amparo de las Reglas 43.3, 47 ó 48 tienen diferentes consecuencias en lo que respecta a su efecto interruptor. Véase José A. Cuevas Segarra, *Práctica Procesal Puertorriqueña -II Procedimiento Civil,* Publicaciones J.T.S. (1979), págs. 303-304. En el caso que nos ocupa nos corresponde determinar si las mociones presentadas por separado por los apelantes, una vez notificadas las sentencias que son objeto de los recursos que nos

ocupan, tuvieron el efecto de interrumpir el término jurisdiccional de treinta (30) días dispuesto por la antes mencionada Regla 53.1 para presentar sus respectivos escritos de apelación.

Para mayor claridad de nuestro dictamen, resulta apropiado iniciar con una exposición del trámite procesal pertinente al aspecto jurisdiccional.

## II

Se desprende del recurso instado y de los documentos que obran en autos que el Tribunal emitió sentencia parcial en rebeldía contra la codemandada Luz S. León Hernández el 29 de noviembre de 1993, dictando el día siguiente, 30 de noviembre de 1993, una sentencia sumaria declarando con lugar la demanda contra los codemandados Fernando Cruz Tollinche y la Sociedad Legal de Gananciales que tenía constituida con dicha codemandada. Todos fueron condenados a satisfacer las sumas indicadas por los conceptos ya expresados. Ambas sentencias a su vez fueron notificadas, archivándose en autos copia de su notificación el 21 de diciembre de 1993.

Notificadas como fueron dichas sentencias, la codemandada Luz S. León Hernández, representada por el Lcdo. Iván Pagán Hernández, procedió a presentar el 30 de diciembre de 1993 una moción que denominó *"Moción Bajo la Regla 49.2; 43.3; Armonizadas a la Luz de la Regla 53.1 (d) que Interrumpe el Término para Apelar"*. No obstante, un examen del contenido de dicha moción refleja que la misma se limita a cuestionar la facultad del foro de instancia para dictar sentencia en rebeldía en su contra, argumentando que el caso no era apropiado para tal pronunciamiento por existir una controversia luego de haber ésta alegado fraude en la obtención de su firma. Pasa así a exponer en la súplica que *"se deje sin efecto la sentencia que nos ocupa con los remedios y se deje sin efecto la anotación de rebeldía, de suerte que no se olvide el Tribunal de su función esencial de hacer justicia para dedicarse, deportivamente a una académica discriminación en torno a filigranas adjetivas"*. Observamos así que ninguna referencia hace en su moción en cuanto a las determinaciones de hechos adicionales interesadas; no alega ni expone fundamento alguno que justifique la concesión de un nuevo juicio; ni aduce fundamento alguno que justifique el relevo de la sentencia dictada al amparo de la Regla 49.2 de Procedimiento Civil. Obvio nos resulta que independientemente del título que dicha demandante le dio a la moción, la misma no es otra cosa ni tiene mayor alcance que una de reconsideración. Siendo ello así y como más adelante habremos de indicar, ésta no tuvo el efecto de interrumpir el término que le asistía a dicha apelante para presentar un escrito de apelación. En cuanto a este extremo, basta con señalar que *"...el nombre o la rúbrica que se le dé a una moción no es determinante de la naturaleza intrínseca de la moción, ni debe ser decisivo en cuanto a la manera en que la cuestión deba ser resuelta, desde el punto de vista de la realidad y la justicia sustancial"*. *Pueblo v. Cruzado,* 74 D.P.R. 934, 940 (1953); *Pueblo v. Badrena e Hijos,* 74 D.P.R. 225, 252 (1952); *Pueblo v. Zavala,* 78 D.P.R. 484, 487 (1955).

Por su parte y mediante escrito independiente el apelante, Lcdo. Fernando Cruz Tollinche, por derecho propio, procedió a presentar el 5 de enero de 1994, es decir, quince (15) días después del archivo en autos de copia de la notificación de la sentencia, una moción que denominó *"Moción de Reconsideración de Sentencia Bajo la Regla 47 de las de Procedimiento Civil, Unida a la Regla 48.1 y a la Regla 43.2 de Procedimiento Civil"*. En cuanto a esta moción, aún cuando así denominada, tampoco tiene mayor alcance legal que una solicitud de reconsideración. En primer lugar, para ser procedente una moción al amparo de la Regla 43.3 en solicitud de determinación de hechos iniciales o adicionales, la misma debe ser presentada dentro del término jurisdiccional de diez (10) días en ella dispuesto, lo que no hizo el aquí apelante. Como bien se ha resuelto, *"[resulta"] tardía una solicitud de determinaciones de hechos presentada junto a una de reconsideración luego de expirar el término de diez (10) días requerido por la Regla 43.2 [hoy 43.3], y ratificado por la [Regla]*

*68.2, que prohibe al tribunal prorrogar el plazo para actuar bajo dicha Regla 43.2 [hoy 43.3]".* Soc. Legal de Gananciales v. A.F.F., *supra,* pág. 647. Tampoco aduce en su moción los fundamentos que justificarían la concesión de un nuevo juicio, ni hace señalamiento alguno o expone motivos que justifique la concesión de tal remedio. Concluimos así que se limitó el apelante a presentar una moción de reconsideración conforme a lo dispuesto en la Regla 47 de Procedimiento Civil, ello toda vez que según ya indicado, el título que una parte utilice en un escrito no determina la naturaleza del mismo.

Continuando con la exposición del trasfondo procesal del caso, se desprende de los autos que el tribunal de instancia emitió órdenes por separado el 19 de enero de 1994 declarando sin lugar, tanto la moción de reconsideración presentada por el aquí apelante como aquella presentada por la codemandada Luz S. León Hernández. Ello nos conduce ahora a examinar el efecto y alcance de dicho dictamen a la luz de lo dispuesto en la Regla 47 de Procedimiento Civil y su jurisprudencia interpretativa.

La Regla 47 de Procedimiento Civil dispone como sigue:

*"La parte adversamente afectada por una resolución, orden o sentencia podrá, dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden o desde la fecha del archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia. El tribunal dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla.* **Si la rechazare de plano el término para apelar o solicitar revisión se considerará como que nunca fue interrumpido.** *Si se tomare alguna determinación en su consideración, el término para apelar o solicitar revisión empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción.* **Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (los días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano.**

*Cuando el término para recurrir de una sentencia fuere interrumpido en virtud de esta regla, la interrupción beneficiará a cualquier otra parte que se* hallare en el pleito. (Enfasis suplido).

Debemos iniciar por señalar que el término de quince (15) días que concede dicha regla a la parte afectada por una resolución o sentencia para solicitar reconsideración es jurisdiccional. *Barletta v. Trib. Superior,* 100 D.P.R. 690, 692 (1972). De importancia resulta también señalar que la presentación de una moción de reconsideración en tiempo oportuno no tiene el efecto de interrumpir automáticamente el término para solicitar la revisión del dictamen del tribunal. Para tener tal efecto ésta tiene que ser acogida. *Soc. de Gananciales v. A.F.F.,* 108 D.P.R., *supra,* pág. 646.

En lo que respecta a la forma en que una moción de reconsideración interrumpe el plazo de apelación, el Tribunal Supremo lo explicó con claridad en *Rodríguez Rivera v. Autoridad de Carreteras,* 110 D.P. R. 184 (1980). Allí indicó que el término se considerará como que nunca fue interrumpido en aquellos casos donde el tribunal de instancia la rechaza de plano o deja de tomar alguna acción con relación a la misma dentro de los diez (10) días de presentada. Si el tribunal la rechaza con un mero no ha lugar sin oír a las partes, se considerará que la moción fue rechazada de plano. Por otro lado, si señala vista para oír a las partes o se dirige a la parte adversa para que exponga su posición por escrito, o fundamenta su resolución declarando sin lugar la moción, se tendrá por interrumpido el término para apelar o solicitar revisión. *Id.,* a la pág. 187█ Podemos así concluir que frente a una moción de reconsideración presentada en tiempo oportuno el tribunal tiene tres opciones respecto a la misma, a saber: (1) tomar, dentro del mencionado término de diez días, *"alguna*

17

*determinación"* respecto a la referida moción, --por ejemplo, señalar la misma para vista, concederle término a la otra parte para que se exprese, etc.-- en cuya situación se entiende interrumpido el término de revisión; (2) declararla **expresamente** sin lugar dentro del mencionado término de diez días; y (3) dejar **transcurrir** el término de diez días --lo que la propia Regla 47 califica como *"rechazar de plano"*-- sin tomar acción alguna respecto a la moción radicada. En estas dos últimas situaciones, se considerará que el término de revisión nunca fue interrumpido. *Villanueva v. Hernández Class,* **91 J.T.S. 58**, a la pág. 8694. Véase además, *Núñez González v. Jiménez Miranda,* 122 D.P.R. 134, 138 (1988); *Pérez Rodríguez v. P.R. Park Systems,* 119 D.P.R. 634, 641 (1987); *Rodríguez Rivera v. Autoridad de Carreteras,* 110 D.P.R. 184, 187 (1980); *Sociedad de Gananciales v. A.F.F.,* 108 D.P.R. 644, 646 (1979); *De León Velázquez v. Frito Lay's Inc.,* 107 D.P.R. 47, 49 (1978).

Dirigiendo nuestra atención a la situación particular del caso que nos ocupa, surge claramente de los autos que con respecto a las mociones presentadas por los apelantes León Hernández y Cruz Tollinche, el tribunal sentenciador dejó transcurrir más de diez (10) días sin tomar acción sobre las mismas. No fue hasta el 19 de enero de 1994, esto es, veinte (20) días desde la presentación de la moción de la Sra. León Hernández y catorce (14) días desde la presentación de la moción del Sr. Cruz Tollinche, que el tribunal apelado las declaró sin lugar de plano. Ello tuvo el alcance y efecto legal, bajo cualquier alternativa, de una denegatoria de plano dichas mociones. Siendo ello así, el término que tenían los apelantes para presentar sus respectivos escritos de apelación no quedó interrumpido, siendo el último día hábil para presentar los mismos el 20 de enero de 1994, esto es, treinta (30) días contados a partir del 21 de diciembre de 1993, fecha de archivo y notificación de las sentencias apeladas. Forzoso resulta entonces concluir que habiendo interpuesto los apelantes los recursos que nos ocupan el 8 y 9 de marzo de 1994 respectivamente, a dicha fecha había expirado el término jurisdiccional de treinta (30) días que tenían para presentar los mismos. En consecuencia, carecemos de jurisdicción para considerar los méritos de los recursos instados en el presente caso, resultando procedente decretar la desestimación de éstos▪

Por los fundamentos antes expresados, se decreta la desestimación de los recursos interpuestos en el caso de epígrafe.

Lo acuerda el tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 5

**1.** El art. 9.004 de la Ley de la Judicatura de 1994, Ley Núm. 1 de 28 de julio de 1994, dispone que *"[t]odo recurso pendiente ante la consideración del Tribunal Superior, dentro de su jurisdicción apelativa, originado en el Tribunal de Distrito o en el Tribunal Municipal deberá resolverse dentro del término de seis (6) meses a partir de la aprobación de esta Ley; disponiéndose que una vez transcurrido dicho término los asuntos pendientes se referirán para su trámite y resolución al Tribunal de Circuito de Apelaciones".* En virtud de este mandato se recibió en grado de transferencia el recurso que nos ocupa.

**2.** Apropiado resulta aquí señalar que aún cuando la parte perdidosa haya presentado en término una moción de reconsideración, puede presentar el correspondiente recurso de apelación aunque el tribunal de instancia no hubiese resuelto su moción. *Dávila v. Collazo,* 50 D.P.R. 494 (1936). En tal caso el tribunal apelado pierde jurisdicción para seguir entendiendo en la moción. *El Mundo Inc. v. Tribunal Superior,* 92 D.P.R. 791 (1965).

**3.** Por innecesario, luego del resultado al que hemos llegado, no habremos de pronunciarnos en torno a las 8 deficiencias del escrito de apelación e incumplimiento del trámite apelativo correspondiente para el

perfeccionamiento del recurso interpuesto por la apelante Luz S. León Hernández, lo que de por sí justificaría la desestimación del recurso por ella interpuesto. Véase Reglas 5, 6 y 8 de las de Apelación del Tribunal de Distrito al Tribunal Superior, 4 L.P.R.A. Ap. III-A.